[Crim. No. 4221.   Second Dist., Div. Three.   June 9, 1948.]

In re FRIDOLIN J. DARGO, a Minor.

R. C. W. Friday for Appellants.

Fred N. Howser, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

SHINN, Acting P. J.—The mother of Fridolin J. Dargo, a minor, and the minor, appeal from an order of the juvenile court redeclaring the minor a ward of the juvenile court under section 700, subdivision (m) of the Juvenile Court Law [Welf. & Inst. Code], and recommitting the minor to the Youth Authority for further institutional training.

A petition to have the minor declared a ward of the juvenile court under section 700, subdivision (m), of the Juvenile Court Law, was filed by an officer of the Los Angeles Police Department on December 1, 1947. The petition bears No. 112703, under which number previous petitions to have the minor declared a ward of the juvenile court had been filed. (See *In re Dargo*, 81 Cal.App.2d 205 [183 P.2d 282], for further light upon the activities of the minor.) The petition alleged that the minor was 15 years of age; that he was a person defined in subdivision (m) of section 700 of the Juvenile Court Law; that on November 25, 1947, he committed an assault upon Dewey Bunch with a deadly weapon or instrument by striking Bunch on the head with a heavy wrench.

The matter came on for hearing before a referee of the juvenile court on December 22, 1947, after due notice to the mother and stepfather of the minor, who were present at the hearing. The allegations of the petition were denied by the minor, represented by counsel, and he declined to put on any witnesses or to testify on his own behalf. Police Officers Lewis and Suit testified. Dewey Bunch testified concerning the details of the assault upon him and identified the minor as the person who struck him with the wrench. The wrench which was found near the scene of the attack was produced. Based upon the testimony of these witnesses, the referee found that the allegations contained in the petition were true; that the assault was unprovoked; that the minor was of the age of 16 years on May 13, 1947; that he was a fit and proper person to come within the provisions of section 700, subdivisions (b) and (m) of the Juvenile Court Law; that the minor had been before the juvenile court on a number of occasions

in the past, had been declared a ward of the juvenile court under section 700, subdivisions (b) and (m), and had been committed to the Youth Authority and placed by it in the Fricot Ranch Camp for Boys and in the Nelles School for Boys at Whittier, from which school he had been released in November, 1947; that the minor had been home on parole approximately two weeks before the present offense was committed, during which time he had made a satisfactory record. The referee recommended that the minor be "re-declared a ward of the Juvenile Court under subdivision (m), section 700 of the Juvenile Court Law; that he be declared in violation of his parole and that he be released to the Youth Authority for further institutional training." These findings and recommendations of the referee were adopted and approved on December 24, 1947, by a judge of the superior court sitting as a judge of the juvenile court, and an order made in accordance therewith.

Although the minor was represented by counsel at the hearing before the court he offered no evidence. He requested a rehearing and it was granted, presumably to allow him another opportunity to testify or to produce other evidence. At this hearing, which was on January 26, 1948, before another judge, the evidence previously given concerning the commission of the offense was repeated and the minor, testifying on his own behalf, denied that he had committed the assault. The allegations of the petition were found by the court to be sustained and the order appealed from was made.

It is contended on appeal that by virtue of the provisions of section 1737.1 of the Youth Authority Act [Welf. & Inst. Code] the juvenile court was without authority to recommit the minor to the Youth Authority for further custodial care.

Section 1731.1 provides: "Whenever any person *who has been charged with or convicted of a public offense and committed to the Authority appears to the Authority,* either at the time of his presentation or after having become an inmate of any institution or facility subject to the jurisdiction of the Authority, *to be an improper person to be retained* in any such institution or facility, *or to be so incorrigible or so incapable of* reformation under the discipline of the Authority *as to render his retention detrimental to the interest of the Authority and the other persons committed thereto, the Au-*

*thority may return him to the committing court.* In the case of a person convicted of a public offense, said court may then commit him to a state prison or sentence him to a county jail as provided by law for punishment of the offense of which he was convicted. In the case of a person who has been committed to the Authority by a juvenile court, the juvenile court *to which he is returned* may make such further order or commitment with reference to such person as may be authorized by the juvenile court law, except that said court may not recommit such person to the Youth Authority.'' (Italics added.)

From a mere reading of the foregoing language it is apparent that the limitation imposed upon the jurisdiction of the juvenile court to recommit a minor to the Youth Authority applies only where (a) the minor has been charged with or convicted of a public offense and committed to the Authority, and (b) the Authority has returned the minor to the juvenile court after it has concluded that the minor is an improper person to be retained in any of its institutions or facilities, or is so incorrigible or incapable of reformation that his retention would be detrimental to the agency or other persons committed to it. None of these facts appear in the instant case. ■ A proceeding under section 720 of the Juvenile Court Law to have a minor declared a ward of the juvenile court is not a ''criminal'' proceeding. It is not a proceeding in which a minor is ''charged with'' or ''convicted of'' a public offense. It is a proceeding ''more in the character of a guardianship whereby the minor is relieved of the stigma of a criminal conviction by placing him upon probation with individuals or in institutions having the facilities to give him corrective care, supervision and training.'' (*In re Dargo, supra,* 81 Cal.App.2d 205, 207. See, also, *In re Daedler,* 194 Cal. 320, 332 [228 P. 467]; *In re Jones,* 34 Cal.App.2d 77, 82 [93 P.2d 185]; *In re Brodie,* 33 Cal.App. 751, 752 [166 P. 605]; Welf. & Inst. Code, §§ 736, 1731.) Nor was the order recommitting Fridolin to the Youth Authority made following his return by the Youth Authority to the juvenile court as an improper subject for further care by it. The provisions of section 1737.1 are, therefore, inapplicable to the facts disclosed in the instant record.

Since the proceedings by which the minor was declared in violation of his parole and redeclared a ward of the juvenile court were in all respects regular and in conformity with the

provisions of the Juvenile Court Law, the juvenile court properly ordered the minor recommitted to the Youth Authority under section 740 of the Juvenile Court Law.

The rights of the minor were given thorough consideration by two judges of the court. The record furnishes no reasonable basis for assailing the validity of the order and the appeal is ill-advised.

The order is affirmed.

Wood, J., and McComb, J. assigned, concurred.