[Crim. No. 1331.  Second Appellate District, Division One.—March 15, 1926.]

In the Matter of ROSELLA McDERMOTT, etc., on Habeas Corpus.

[1] JUVENILE COURT ACT—CUSTODY OF MINOR—ORDER—DISCRETION—JURISDICTION.—An order of the juvenile court by which a minor was made a ward of the court of necessity had the effect of transferring the matter of her guardianship from her parents to the court itself, and it thereupon became discretionary with the court whether to permit the minor to return to the home of her parents or to place her within the care and custody of some state institution; and the discretion of the court as to the custody of the minor having been exercised in favor of the parents of the minor at the time she was declared to be a ward of the court did not of itself in any manner affect the power of the court to thereafter change the order as to the person in whom or the institution in which should be vested the custody of the minor.

[2] ID.—ORDER CHARGING CUSTODY OF WARD—CONSULTATION WITH ATTORNEY — REFUSAL OF — HABEAS CORPUS — EVIDENCE. — A writ of *habeas corpus* will not be granted to permit an attorney employed by the father of a ward of the juvenile court to consult with such ward relative to an order by the court removing the ward from the home of her parents and placing her in a juvenile home,

where the ward has not been accused with the commission of any criminal offense, and, in ordering the change in custody, no trial or hearing or court proceedings is necessary or incident to such a transaction, and consequently no rights of the ward in such a connection can be violated or abridged in the premises.

(1) 31 C. J., p. 990, n. 1, 2, 3, p. 991, n. 8.   (2) 31 C. J., p. 991, n. 8.

PROCEEDING in Habeas Corpus to compel the Superior Court of Kern County to permit an attorney to consult with ward of the Juvenile Court. Erwin W. Owen, Judge. Writ discharged.

The facts are stated in the opinion of the court.

Dorris & Henderson for Petitioner.

H. D. Schmidt, District Attorney, and Edward West, Assistant District Attorney, for Respondent.

HOUSER, J.—From the petition herein and the return thereto it appears that on January 22, 1922, after due proceedings had in the juvenile court in and for the county of Kern, an order was made by said court by which three minors, including the petitioner, were adjudged wards of the juvenile court. In connection therewith the said court further ordered "that until the further order of the court they (said wards) be allowed to go home with their parents upon the condition that they be properly cared for."

It further appears that nearly four years later, to wit, on the fourteenth day of November, 1925, at which time petitioner still being a ward of the juvenile court, under the direction or order of the judge of the said juvenile court, petitioner was removed from the home of her parents and placed in the juvenile home of the county of Kern; that thereupon the father of said petitioner employed a firm of attorneys to represent him "in preparing to resist any order of the said juvenile court in any wise changing the custody" of petitioner, and to represent petitioner "in any proceedings before said juvenile court"; that thereupon one of the members of said firm of attorneys applied to the judge of said juvenile court and to the probation officer of

the county of Kern, who at that time had the custody and control of petitioner, for permission to consult with petitioner relative to the change in her custody, but that such permission was, and ever since has been, refused. Whereupon, petitioner has besought this court to grant a writ of *habeas corpus,* to the end that the rights of petitioner in the premises may be by this court determined.

In the case entitled *In re Rider,* 50 Cal. App. 797 [195 Pac. 965], a ward of the juvenile court, who was detained in a juvenile hall on a felony charge, complained that she was unlawfully restrained of her liberty by the superintendent thereof in that the ward was denied the right of private consultation with her attorney for the purpose of enabling the ward to prepare for her defense on the said criminal charge. It was held that the claimed right of the ward was one of the fundamental guaranties of the American criminal law and one which no legislature or court could ignore or violate. *In re Snyder,* 62 Cal. App. 697 [217 Pac. 777], is to the same effect.

One of the essential differences between the Rider case and the case at bar is that in the former the ward was being detained on a felony charge against her which was about to be prosecuted, which of necessity involved the preparation of a defense and, as ordinarily incidental thereto, frequent confidential consultations between the defendant and her attorney; while in the instant case the ward has not been accused of the commission of any criminal offense, but is being detained in the juvenile home primarily under the original order by which she was adjudged a ward of the juvenile court, and, secondarily, because of some alleged irregularities in her conduct necessitating or at least suggesting the desirability of a change in her care and custody. It does not appear that any trial or proceeding of any character is pending or contemplated with reference thereto.

[1] The order of the court by which petitioner was made a ward of the juvenile court of necessity had the effect of transferring the matter of her guardianship from her parents to the court itself, and it thereupon became discretionary with the court whether to permit the minor to return to the home of her parents or to place her within the care and custody of some state institution. (*In re Hunter,* 50 Cal. App. 285 [195 Pac. 76].) Although the actual physical

care of the minor was in the parents, the ward was rightfully under the final control of the court, rather than under the control of her parents. The discretion of the court as to the custody of the minor having been exercised in favor of the parents of the minor at the time she was declared to be a ward of the court did not itself in any manner affect the power of the court to thereafter change the order as to the person in whom or the institution in which should be vested the custody of the minor. The authority of the court to make the necessary order changing the custody of the minor from her parents to the officers of the juvenile home is contained in section 9 of the Juvenile Court Act (Stats. 1915, p. 1225), as follows: "Any order made by the court in case of any person subject to the jurisdiction of the court . . . may at any time be changed, modified or set aside as to the judge may seem meet and proper; . . ."

[2] As heretofore suggested, the case here is not that of a person accused of the commission of a crime who is denied the privilege of consulting with his attorney. It is simply a question of the right of the lawful guardian of a minor to change the physical custody of the ward. The facts involved are somewhat similar to those which might be present if the prison board, having jurisdiction over some person who theretofore had been convicted of a criminal offense and who had been committed to one of the state prisons, were to order that the prisoner be transferred to some other state penal institution; or if the proper authorities in charge of the state insane hospitals were to direct that a patient therein should be transferred from one state hospital for the insane to another such institution. No question of a trial or a hearing of any sort is involved in such a transaction. It involves purely a matter of judgment or discretion on the part of the person, board, or tribunal having authority or jurisdiction in the premises. In the instant case, for reasons apparently sufficient to the judge of the juvenile court, he has directed or ordered that the ward be taken from the care and custody of some person or persons and that thereafter the ward be in the care and custody of some other person or institution. No trial or hearing or court proceeding is necessary or incident to such a transaction, and consequently no rights of the ward in such a connection can be violated or abridged in

the premises. So far as this particular order is concerned, it appearing that no legal rights of the ward are involved therein, neither necessity nor occasion exists for the advice of an attorney in relation thereto.

It is ordered that the writ be and it is discharged.

Conrey, P. J., and York, J., concurred.