[Crim. No. 4118.   Second Dist., Div. Three.   Aug. 6, 1947.]

In re FRIDOLIN J. DARGO, a Minor.

F. N. Farris, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

KINCAID, J. pro tem.—Appeal is taken by the mother and stepfather of Fridolin J. Dargo, a minor, from the judgment and order of the juvenile court redeclaring the minor a ward of such court and returning him to the Youth Authority for further disciplinary training. The judgment and order followed specific findings by the court that the allegations contained in paragraphs I and II of the petition filed January 6, 1947, are true, and that those contained in paragraph III are not sustained and are therefore dismissed. The court further found the said minor to be 14 years of age, and that he is a person defined in subdivision M, of section 700, of the Juvenile Court Law of California; that he has been tried on probation, has failed to reform and that the welfare of the minor requires that his custody be taken from his parent or guardian. Paragraph I of the petition alleges that the minor, on January 1, 1947, entered a building of the McCall used car lot in Los Angeles with intent to commit theft and stole therefrom twelve sets of ignition keys, $11.26 in cash and one radio, and paragraph II alleges that on the same day he stole an automobile from such used car lot. The record before us also discloses findings and judgment following two prior hearings on other charges concerning the same minor wherein he was declared a ward of the juvenile court and was permitted to return to the home of his mother under terms and conditions stated.

The hearing pursuant to the petition in the instant case began on January 20, 1947, the record disclosing the minor, his mother, stepfather, sister and the probation officer of the juvenile court as being present. A full reporter's transcript of the subsequent proceedings is before us disclosing a thorough and complete, but informal, question and answer discussion to have followed. To questions propounded by the juvenile court judge concerning the allegations of the petition, the minor readily and fully admitted his entry into the building described in paragraph I for the purpose of committing a theft and his stealing and driving away of the automobile from the used car lot as charged in paragraph II. As to the burglary charged in paragraph III the minor denied entering

the building there described, saying that other boys committed this burglary while he waited outside in an automobile. A two weeks' continuance was then granted in order to permit the mother and stepfather of the minor to submit some plan for his future care and supervision.

On Monday, February 3, 1947, the hearing was resumed with the same parties being present. The matter of the placement of the minor was discussed in detail by the interested parties, the mother, stepfather and sister urging the court to send him to a place for delinquent boys in another state. The order recommitting him to the Youth Authority of California followed.

Appellants complain on appeal that the minor was convicted without any competent evidence being offered against him and upon the testimony of the minor alone, without being advised by the judge that he was not required to testify unless he so desired, and that any testimony that he gave might be used to convict him.

The mother and stepfather of the minor are entitled to appeal from the foregoing judgment and order for the purpose of protecting their own interests as well as those of the minor. (*In re Hill,* 78 Cal.App. 23, 26 [247 P. 591].) They mistakenly assume, however, as evidenced by their briefs on appeal, that the minor herein was a ''defendant'' in a criminal proceeding, that he was found guilty of the crimes of burglary and theft of an automobile, and that his recommitment to the Youth Authority was a ''sentence.'' Proceedings of the juvenile court in dealing with incorrigible minors or those committing crime are not of a criminal nature. (*In re Daedler,* 194 Cal. 320, 332 [228 P. 467]; *In re Jones,* 34 Cal. App.2d 77, 82 [93 P.2d 185]; *In re Brodie,* 33 Cal.App. 751, 752 [166 P. 605].) Instead the summary procedure provided by the juvenile court laws for such cases (Welf. & Inst. Code, §§ 720-750) is more in the character of a guardianship whereby the minor is relieved of the stigma of a criminal conviction by placing him upon probation with individuals or in institutions having the facilities to give him corrective care, supervision and training. (*People* v. *Renteria,* 60 Cal.App.2d 463, 470 [141 P.2d 37].)

While care should be taken in construing and applying the provisions of such laws to minors so as not to impinge constitutional safeguards (*In re Tahbel,* 46 Cal.App. 755, 762 [189 P. 804]), a trial, as such, is not contemplated under the

spirit of or procedure provided by the juvenile court laws. As aptly said in *People* v. *Superior Court*, 104 Cal.App. 276, 282 [285 P. 871] : "From its very nature, and because of necessary qualification for doing the work for which it is intended, the Juvenile Court is not designed as a trial court in the ordinary sense. Not only is its purpose more reformative than punitive, but its method of operation is very different from that of a criminal court. Technicalities and formalities are largely done away with, and its simple procedure is designed to gain the confidence of those coming within its operations, and to enable the judge thereof to best guide and control its wards, with more consideration for their future development than for their past shortcomings. The circumstances attendant upon contested jury trials are not only out of place there, but might have an injurious effect, not only upon the methods, but upon the atmosphere and confidence that have been built up around the work of the Juvenile Court, and which are so largely responsible for its success."

██ The informal manner in which the record discloses the hearing in this case was conducted is entirely consistent with the foregoing principles. The approach to the problems confronting the court and parties present was sympathetic, understanding and without pressure. In response to fairly worded questions the minor related his version of his participation in the acts charged against him by the petition. The parents both asked and answered questions and entered fully into the discussions. No objections were interposed by anyone present as to any question or to the procedure being followed. The testimony of the minor sufficiently shows the commission by him of those acts covered by paragraphs I and II thereof. No additional evidence was offered nor was any required to sustain the judgment.

██ The contention is now made that, because the specific acts upon which the delinquency charge is based would be a felony if committed by an adult they must be proved in substantially the same manner as would there apply, including an admonishment by the judge that the minor need not testify to any act or fact which might tend to incriminate him and that any such testimony, if given, might be used against him. With this contention we are unable to agree. The leading case giving answer to these questions, and with which we are in accord, is *People* v. *Lewis*, 260 N.Y. 171 [183 N.E. 353, 86 A.L.R. 1001 (with note, 1008)], (certiorari denied by U. S.

Supreme Court, 289 U.S. 709 [53 S.Ct. 786, 77 L.Ed. 1464]). The court there said (p. 1002, 86 A.L.R.) : "The judgment, it is said, is supported by no evidence received in the boy's presence, and hence rests solely upon his own confession made without a warning against self-incrimination.

"Even in a criminal trial the confession which requires corroboration to sustain conviction is only the extrajudicial confession, not the admission made in open court on the witness stand. 16 C.J. 735, § 1514. If the hearing here had been a criminal trial, its sole defect would have been the failure to warn against self-incrimination. But it was not a criminal trial and there was no defect." And (p. 1004) : "Since the proceeding was not a criminal one, there was neither right to nor necessity for the procedural safeguards prescribed by constitution and statute in criminal cases. Many cases in many jurisdictions so hold." (Citing cases.) (See 22 C.J.S. 1423, par. 816c. See, also, *In re Lemon,* 15 Cal.App.2d 82 [59 P.2d 213] ; 31 Am.Jur. 807, § 42.)

While any witness may refuse to give an answer to a question which will have a tendency to subject him to punishment for a felony (Code Civ. Proc., § 2065), no such situation is here presented. We have considered other points raised by appellants and find them lacking in merit.

The judgment and order appealed from are affirmed.

Shinn, Acting P. J., and Wood, J., concurred.

Petitioners' application for a hearing by the Supreme Court was denied September 4, 1947.