[Crim. No. 2346.   Third Dist.   Mar. 26, 1952.]

In re RONALD G. MAGNUSON, a Minor.

Chargin & Briscoe and Richard Gibson for Petitioner.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

VAN DYKE, J.—As a result of proceedings under the Juvenile Court Law, begun by petition of the probation officer of San Joaquin County, charging that Ronald G. Magnuson, 17 years of age, came within the provisions of subdivisions (b) and (m) of section 700 of the Welfare and Institutions Code, said minor was, on December 21, 1951, adjudged to be a ward of the juvenile court.  It was ordered that he be removed from the custody of his parents and committed to the Youth Authority, which commitment was

suspended upon condition that the minor complete a course of schooling in the California Junior Republic. The minor is presently held in the said school. He has appealed from the order adjudging him to be a ward of the court, and the appeal is pending in this court.

The minor, through his attorney, applied to the juvenile court for an order releasing him on bail pending the appeal, and on February 25th, after a hearing, the application for bail was denied without prejudice to any further application that might be made to the court pursuant to the provisions of section 580 of said Welfare and Institutions Code. Thereupon said minor applied to this court to be released on bail pending appeal. An order to show cause was issued and the matter has been argued and submitted for decisions.

An order adjudging a person to be a ward of the juvenile court is not a conviction of crime (Welf. & Inst. Code, § 736), and proceedings to have such a wardship declared are not criminal proceedings. It follows that the provisions relating to bail contained in article I, section 6, of the California Constitution, and sections 1271 and 1272 of the Penal Code, do not apply to such proceedings. ''Where the provisions of the constitution relate only to offenses, and to cases where there may be a conviction therefor, they do not apply to proceedings under a juvenile court statute which does not relate to offenses or permit a conviction in the ordinary sense of the term.'' (8 C.J.S., p. 53.) See, also, cases annotated in 160 A.L.R. 284; 31 American Jurisprudence, 1951 Supplement, page 68.

Turning to the Juvenile Court Law itself, we find that section 828 of the code provides that: ''Pending hearing in the juvenile court the judge thereof may admit the person so brought before him to bail or may otherwise provide for his temporary custody in any manner provided in this chapter for the care of a ward of the juvenile court.'' This section concerns bail pending a hearing and does not cover the situation presented here, that is, an application for bail pending appeal after an order has been made adjudging the minor to be a ward of the court.

Section 580 of the code provides for an appeal from an order adjudging a person to be a ward of the juvenile court and from any subsequent order made after judgment, but specifically provides that ''no such order or judgment shall be stayed by such appeal, unless suitable provision is made for the maintenance, care, and custody of such person pend-

ing the appeal, and unless such provision is approved by an order of the juvenile court.''

■ The provision for bail pending a hearing when a minor has been certified to the juvenile court after accusation of law violations (§ 828, *supra*), the absence of any other provision for bail, and the declaration that an appeal does not stay an order declaring a person to be a ward of the court, all impel toward the conclusion that the Legislature, not herein bound in matters of bail by the constitutional provisions thereon, has intentionally omitted any provision therefor during these proceedings.

These conclusions are fortified by a consideration of the general purposes to be served by proceedings to declare a minor a ward of the court. Such proceedings are for the benefit and protection of the minor when such protection is needed by the occurrence of causes for wardship, as set forth in the pertinent code sections. The result of a declaration of wardship, far from being a conviction of crime, is more in the nature of a guardianship such as is provided for in the Probate Code. To consider that such restraint as the court, acting as guardian of its ward, finds necessary for the protection and benefit of the minor, amounts to imprisonment, is to ignore the beneficent purposes of the law. The control exercised by the court and by the persons or agencies in whose immediate custody the ward may be placed is akin to the former parental control for which it is a substitute. Indeed, it would be surprising to find in this statute provisions for bail.

As grounds for the application for bail, the applicant urges that the conditions under which the minor is being kept endangers his health, his welfare and his morals, works a suspension of his regular educational progress, will result in the retarding thereof, and that the California Junior Republic is not a fit and proper place for him. If these things be true, then, as the juvenile court judge stated in his order denying bail, application may be made under section 580 of the code for other custody.

■ Applicant further contends that the minor is entitled to bail as a matter of right under the provisions of section 1272, subsection 2, of the Penal Code which states that a defendant who has appealed may be admitted to bail ''As a matter of right, when the appeal is from a judgment imposing imprisonment in cases of misdemeanor.'' The argument is that this section of the Penal Code is made applicable

herein by virtue of sections 1737 and 1739 (c) of the Welfare and Institutions Code. These sections provide that "After a court has committed a person to the Authority such court has no power to suspend execution of the commitment"; and that "A person convicted and committed to the Authority may be admitted to bail under the provisions of Section 1272 of the Penal Code, or in the discretion of the court, may be left at liberty, under such conditions as in the court's opinion will insure his cooperation in reasonable expedition of the appellate proceedings and his submission to the control of the Authority at the proper time." Section 1737.5 also provides that a commitment to the Authority is a judgment within the meaning of chapter 1 of title 8 of part 2 of the Penal Code, and is appealable. The argument runs that when the juvenile court ordered the minor to be committed to the Youth Authority and then purported to suspend the commitment the suspension was void, the minor stood committed to the Youth Authority, and therefore may now be admitted to bail under the sections above referred to. These provisions so relied upon are found in that portion of the Welfare and Institutions Code dealing with the creation of the Youth Authority for the expressed purpose of protecting society by more effectively substituting for retributive punishment methods of training and treatment directed toward the correction and rehabilitation "of young persons found guilty of public offenses." They are not a part of the Juvenile Court Law which is embraced within sections 550 to 911, inclusive, of the code. They have no application to a proceeding to declare a minor a ward of the juvenile court. Indeed, section 1737, so much relied on by applicant, expressly states: "Nothing in this section shall limit or restrict the jurisdiction and powers of the juvenile court under Section 745 of this code."

The application for bail is denied.

Peek, J., and Schottky, J. pro tem., concurred.