[Crim. No. 5033.   Second Dist., Div. One.   Nov. 5, 1953.]

THE PEOPLE, Respondent, v. IRVING SILVERSTEIN, Appellant.

Umann & Bubrick for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

DRAPEAU, J.—In 1951 defendant, Irving Silverstein, burglarized a dwelling house in the nighttime.   He was apprehended, charged under subdivision (m) of section 700 of the

Welfare and Institutions Code with being a person who had violated the law of this state, made a ward of the juvenile court, and committed to the California Youth Authority.

He was confined in Preston School of Industry and in the institution at Lancaster for 15 months, and then released. Upon his release he was certified back to the juvenile court and then certified to the superior court for further proceedings.

On December 30, 1952, an information was filed in the superior court by the district attorney, charging defendant with the same burglary, and with a prior felony conviction for which he had served time in the penitentiary in the State of Idaho.

Brought to trial on this charge, defendant waived a jury, and was found guilty of first degree burglary by the trial judge. He was also found to have suffered the prior felony conviction and punishment.

Motion for a new trial was denied; probation was denied; and defendant was sentenced to the state prison for the term prescribed by law. Execution of judgment was suspended and defendant referred to the California Youth Authority. California Youth Authority rejected him. Then he was committed to the state prison in accordance with the judgment.

Defendant urges but one ground of appeal: That the trial in the superior court, the finding of guilty as charged in the information, and the sentence of defendant constitute a second punishment and a second trial for the same offense. This the State may not do. (*Ex parte Lange*, 85 U.S. (18 Wall.) 163, 175 [21 L.Ed. 872] ; *Louisiana* v. *Resweber*, 329 U.S. 459 [67 S.Ct. 374, 91 L.Ed. 422] ; *People* v. *Bechtel*, 41 Cal.2d 441 [260 P.2d 31].)

Appellant argues: That the juvenile and the superior court are one and the same, and therefore defendant was dealt with twice by the same court for the same crime. That when the juvenile court made him its ward and committed him to the Youth Authority he had been "punished." That when the proceedings were subsequently commenced in the superior court constitutional rules of double jeopardy applied to defendant, and he should have been discharged by the superior court.

The attorney general contends that juvenile court proceedings are civil, not criminal in nature; that commitments ordered by the juvenile court are not "punishments"; and that therefore double jeopardy, which applies only to criminal cases, is not applicable to the facts in this case.

The problem is not difficult of solution if the purposes of our Juvenile Court Law be kept in mind.

■ One of these purposes is to save minors from the rigors of the criminal law. (Welf. & Inst. Code, § 700, subd. (m); and *cf. People* v. *Kehoe,* 123 Cal. 224 [55 P. 911, 69 Am.St.Rep. 52].)

Having regard for the lack of judgment of some boys and girls who commit felonies, knowing that in such cases want of training is largely responsible for their crimes, our juvenile court law attempts first to save them from the harsh consequences of their folly—from the degradation of confinement in a penitentiary, from the infamous associations incident to such confinement, and from bearing all the rest of their lives the stigma of ex-convict.

Then our law attempts to provide through its Youth Authority the training which it hopes will enable the minor to learn to distinguish between right and wrong, to make right conduct the guiding principle of his life, and thus to become an honorable, upright, and useful citizen.

Most wards of the juvenile court respond to training; most of them give promise of becoming good citizens. In such cases they may be honorably discharged by the juvenile court or by the Youth Authority, and that discharge is a bar to further prosecution. (Welf. & Inst. Code, § 836.)

This case comes under sections 747 and 749 of the Welfare and Institutions Code.

Section 747 provides that if any person who has been committed to the Youth Authority or confined in any state school appears, either at the time of his presentation or after having become an inmate thereof, to be an improper person to be retained in any institution or facility under the jurisdiction of the Youth Authority or to be so incorrigible or so incapable of reformation under the discipline of any institution or facility under the jurisdiction of the Youth Authority as to render his retention detrimental to the interests of the Youth Authority, the Youth Authority may return such person to the committing court.

Section 749 provides for the remand of such incorrigibles accused of felony, for a preliminary examination, and "thereupon the usual proceedings shall be had for the trial of the case in the Superior Court."

■ It follows therefore that constitutional provisions against double jeopardy do not apply to this case, for the reason that the proceeding in the juvenile court was not a

criminal prosecution. ██ Jeopardy in either its constitutional or its common law sense, has a strict application to criminal prosecutions only. (22 C.J.S., Crim. Law, § 240; see, also, 7 Cal.Jur., Crim. Law, § 87.)

██ Nothing in the Juvenile Court Law of California having for its object the care and correction of minors is to be viewed as criminal, in the sense that that term is used in criminal law. That part of the procedure of the juvenile court is summary, benevolent, and designed to help human beings help themselves.

In *In re Daedler*, 194 Cal. 320, 328 [228 P. 467], it was said that the trend of modern authority has been away from the view that juvenile court proceedings are criminal in nature, and that a commitment by a juvenile court order was not designed to be, and is not a punishment for crime.

In *In re Dargo*, 81 Cal.App.2d 205, 207 [183 P.2d 282], the District Court of Appeal states: ". . . the summary procedure provided by the juvenile court laws for such cases . . . is more in the character of a guardianship whereby the minor is relieved of the stigma of a criminal conviction by placing him upon probation with individuals or in institutions having the facilities to give him corrective care, supervision and training."

The judgment and the order denying a new trial are, and each of them is, affirmed.

White, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 3, 1953. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.