[Crim. No. 3129. First Dist., Div. Two. Nov. 4, 1955.]

THE PEOPLE, ex rel. LORRAINE SHIRLEY WEBER, Respondent, v. MARIE WEBER FIFIELD, as Guardian Ad Litem, etc., Appellant.

Walker & Choulos for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

DOOLING, J.—After a full hearing on a petition before the juvenile court of Alameda County the juvenile court judge found that the appellant, a minor, born December 3, 1938, comes within the provisions of section 700, subdivision (m), of the Juvenile Court Law in that she had committed the following offenses: violation of Vehicle Code, section 501, and of Penal Code, sections 484 and 499b. The court declared her a ward of the juvenile court and committed her to the Youth Authority.

On this appeal no contention is made, as on the record none could be made, that the evidence does not support the findings of the court. The sole contentions made are that the minor was denied the constitutional right to a jury trial and to be represented by counsel.

Our courts have held that proceedings before the juvenile court, even in cases where it is charged that the minor has committed a crime or crimes, are not criminal trials, but are in the nature of guardianship proceedings in which the state as *parens patriae* seeks to relieve the minor of the stigma of a criminal conviction and to give him corrective care, supervision and training to the end that he may become an honorable and useful citizen. (*In re Daedler,* 194 Cal. 320 [228 P. 467] ; *In re Dargo,* 81 Cal.App.2d 205 [183 P.2d 282].)

It is appellant's position that because the basis of the peti-

tion filed with the juvenile court was that she had violated certain provisions of the criminal law she was entitled to the constitutional rights to trial by jury and to be represented by counsel. The rationale of all of the decisions on the subject in this state is that because a proceeding before the juvenile court is not a criminal proceeding the constitutional and statutory rights given to persons charged with crime are not applicable to such proceedings. So it was held in *In re Daedler, supra,* 194 Cal. 320, that the guaranty of the right to trial by jury in criminal cases is not applicable to a juvenile court proceeding.

Similarly it has been held that the right to bail (*In re Magnuson,* 110 Cal.App.2d 73 [242 P.2d 362]), to be warned against self-incrimination (*In re Dargo, supra,* 81 Cal.App.2d 205), and the right not to be placed twice in jeopardy for the same offense (*People* v. *Silverstein,* 121 Cal.App.2d 140 [262 P.2d 656]) have no application to proceedings in the juvenile court.

By a parity of reasoning the guaranty of the right to counsel in criminal cases is likewise not applicable. (*Cf., In re O'Day,* 83 Cal.App.2d 339 [189 P.2d 525].)

It should be noted that this is not a case such as *In re Rider,* 50 Cal.App. 797 [195 P. 965], and *In re McDermott,* 77 Cal.App. 109 [246 P. 89], where counsel had been engaged to represent the minors and the juvenile judge refused to let the minors consult with their attorneys. Of course no person can be deprived of the right to be represented by an attorney in any court proceeding if he has an attorney whom he wishes to represent him. The complaint here is, not that the court refused to permit appellant to be represented by counsel, but that the court did not expressly advise the minor that she was entitled to be represented by counsel. (Cal. Const., art. I, § 13; Pen. Code, §§ 858, 987.) No such duty was cast on the court by those provisions since they apply only to prosecutions for crime.

There is nothing in *In re Contreras,* 109 Cal.App.2d 787 [241 P.2d 631], contrary to this conclusion. The court in that case reversed because the lower court had acted entirely on incompetent evidence. Here, as in *In re Dargo, supra,* 81 Cal.App.2d 205, the minor freely admitted her criminal acts and there was other competent testimony to the same effect.

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.