[Crim. No. 5925.   In Bank.   Aug. 10, 1956.]

THE PEOPLE, Respondent, v. LAWRENCE GENE
DOTSON, Appellant.

Lawrence Gene Dotson, in pro. per., Donald D. Connors, Jr., under appointment by the Supreme Court, and J. Stewart Harrison, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

SHENK, J.—The defendant Lawrence Gene Dotson appeals from a judgment of conviction in violations of sections 187 (murder), 459 (burglary) and 211 (robbery) of the Penal Code, and from an order denying his motion for a new trial. He was sentenced to life imprisonment.

The defendant and an accomplice were interrupted by Francisco Herrera while in the act of ransacking his home. At gunpoint, Herrera and his party of two other men and women were herded into a bedroom, where the women were barricaded in a closet and the men were bound and gagged. The men were forced to empty their pockets and all members of the party were required to give up the valuables on their persons, after which the defendant and his companion left. Herrera, who had been bound and gagged with strips of bedding and further secured with a blanket tied over his head and the upper part of his body, strangled to death before the other members of the party could extricate themselves and summon aid.

On the first day of November, 1954, the defendant and his companion appeared for arraignment upon an indictment in the Superior Court in and for the City and County of San Francisco. It appears in the record of that proceeding that the defendant and his companion were represented by counsel from the public defender's office and that they were "duly arraigned." They did not enter a plea. When it was learned that they were minors proceedings were suspended and they were taken before the juvenile court for possible proceedings therein pursuant to section 833.5 of the Welfare and Institutions Code. Following a hearing in the juvenile court for which no transcript of the proceedings was made, the following order was entered on the 5th day of November: "It appearing to the satisfaction of the Court that the above-named Gene Lawrence Dotson, a minor of the age of eighteen

years, was on the 25th day of October, 1954, certified to the Juvenile Court by Department No. 12 of the Municipal Court of this City and County, and that criminal proceedings pending in said Municipal Court have been suspended against said minor by reason of his age;

"And it further appearing to the Court that the Grand Jury of this City and County has presented and filed in the Superior Court of this City and County on October 29, 1954, an indictment charging said Gene Lawrence Dotson with the same offense upon which he has been certified herein;

"And it further appearing to the Court, after consideration of the report of the Probation Officer, the prior record of the minor, the minor's character, the type of his offense, his actual age, and other relevant factors, that the said minor is not a fit subject for consideration under the Juvenile Court Law;

"It Is Hereby Ordered that the said minor Gene Lawrence Dotson be remanded to the Superior Court in order that criminal proceedings be instituted against him under the General Law and the aforesaid Indictment."

As indicated by the order it must be assumed that the juvenile court, in disposing of the matter, considered that the defendant although a minor in years had been conducting himself as an adult. It appears in the record that he was married, had been moving about the country from job to job, had enlisted and been discharged from the Marine Corps, had a prior record of criminal conviction and had served at least one jail sentence.

On the 10th day of November the interrupted proceedings in the superior court were resumed and the defendant, represented again by counsel, pleaded not guilty to the offenses charged in the indictment and the case was set for trial. Continuances were granted on the 16th of November and on the 13th of December. Counsel for the defendant consented to the continuance in each instance. Trial was commenced on the 10th of January, 1955. At all stages of the trial the defendant was represented by counsel. On February 2 the defendant was found guilty in the first degree of each of the three counts. On appeal he assigns as error a claimed lack of representation by counsel in the juvenile court; that counsel was not provided until shortly before trial in the superior court, and that certain conduct on the part of the district attorney resulted in an unfair trial.

In an affidavit submitted by the defendant and referred to in his briefs the defendant states that he was without counsel in the juvenile court; that at that time he had no knowledge of the so-called felony murder doctrine; that he did not intend to harm the deceased; that he thought that he had as good an opportunity to defend in the superior court as in the juvenile court; that he therefore made no effort to have the matter retained in the juvenile court, and that he was thereby prejudiced by being subjected to the felony murder doctrine and the possibility of sentences of death or life imprisonment which would not be imposed in the juvenile court.

■ There can be no question but that a defendant is entitled to be represented by counsel at all stages of a criminal proceeding. (Pen. Code, § 858.) ■ But proceedings before the juvenile court, even in cases where a criminal charge is pending in the superior court, are not criminal in nature. They are in the nature of guardianship proceedings in which the state as *parens patriae* seeks to relieve the minor of the stigma of a criminal conviction and to give him corrective care, supervision and training. (*In re Daedler,* 194 Cal. 320 [228 P. 467]; *In re Dargo,* 81 Cal.App.2d 205 [183 P.2d 282].) ■ While such minors are as much entitled to constitutional guarantees as when subjected to criminal proceedings (*In re Poff,* 135 F.Supp. 224; *In re Contreras,* 109 Cal. App.2d 787 [241 P.2d 631]) nevertheless, because of the nature of the proceedings, the denial of those requirements which have been recognized as elements of a fair trial does not necessarily deprive one of due process of law in juvenile court proceedings. ■ The fact that a minor is not represented by counsel need not be a denial of due process in the juvenile court. (*People ex rel. Weber* v. *Fifield,* 136 Cal.App.2d 741 [289 P.2d 303]; *In re O'Day,* 73 Cal.App.2d 339 [189 P.2d 525].) It is only when by such lack of representation of the minor undue advantage is taken of him or he is otherwise accorded unfair treatment resulting in a deprivation of his rights that it can be said he has been denied due process of law. There is nothing in the present case to suggest such deprivation or unfair treatment.

*In re Contreras, supra,* 109 Cal.App.2d 787, is relied on by the defendant as holding that the absence of counsel in juvenile court proceedings is so grave an error as to justify release of the accused. The case does not stand for that broad proposition. It appeared in that case that the juvenile court considered improper and questionable evidence on which

it declared the minor a ward of the court and committed him to the Youth Authority. It was pointed out by the court that the adjudication in that case thus deprived the minor of his liberty, confined him in a state institution and in the eyes of society was tantamount to a criminal conviction of acts which would have amounted to a felony in a proceeding under the general law. The court concluded that under the guise of acting to protect the minor the juvenile court had deprived him of constitutional guarantees which might have been preserved had he been represented by counsel. It ordered his release and quoting from *In re Hill*, 78 Cal.App. 23 [247 P. 591], held that the ''regular processes of the law provided to produce evidence, and the ordinary rules established to aid courts in testing and weighing it, are not scrapped because the proceeding'' is one in the juvenile court. (*In re Contreras, supra*, 109 Cal.App.2d at p. 790; see also *In re Poff, supra*, 135 F.Supp. 224; *In re Tahbel*, 46 Cal.App. 755 [189 P. 804].)

In the present case the juvenile court made no attempt to determine the defendant's complicity in any wrongdoing or to punish him within the scope of its statutory power. It merely ascertained that the defendant was not a ''fit subject'' for consideration in that court, and declined to exercise further jurisdiction over him. The determination of that question rested within the sound discretion of the juvenile judge. The law recognizes that a minor may have such a record of delinquency or his derelictions may be of such a character that to make him a ward of the juvenile court would not aid him or serve the purposes of the court. (*People* v. *Renteria*, 60 Cal.App.2d 463 [141 P.2d 37]; 15 Cal.Jur.2d 631.) It appears from the order of the juvenile court that the judge exercised his discretion with such considerations in mind, and in doing so under the circumstances here shown the defendant was not deprived of any constitutional right. We are aware of no authority which would deem the proceedings in the juvenile court in this particular instance to have been a stage in the criminal proceedings or to have resulted in a denial of due process of law.

As to the claimed lack of adequate representation by counsel in the superior court the defendant states that about 4:30 p. m. on January 9, 1955, an attorney from the public defender's office advised him that he would represent him; that he talked with the attorney for approximately 15 minutes at that time; that the felony murder doctrine was not men-

tioned, and that he did not talk with counsel again until the trial commenced on the following morning. As previously stated, the record shows that the defendant was represented by counsel from the public defender's office at the arraignment on November 1, 1954, at the second arraignment on November 10, at the continuance on the 16th of November, at the continuance on the 13th of December, and at all other stages of the criminal proceedings. While the trial commenced on January 10, one day after the claimed initial consultation, the opening statements of counsel and the questioning of witnesses did not begin until January 13.

The defendant does not contend, and the record does not show in any respect, that there was a need for a conference longer than that which is claimed to have taken place; that a request was made for a longer or additional conference by either the defendant or his counsel; that consultation was in any way limited by the court or by the defendant's counsel; that counsel was not adequately prepared for trial, or that the defendant was in any way prejudiced by not having consulted counsel for a longer period. On the other hand, a review of the record affirmatively shows that the evidence of the defendant's guilt was so overwhelming that no adequate defense could have been interposed; that his attorney conducted the defense against the charges as well as could reasonably have been expected, and that there is no evidence of a lack of preparation or of insufficient time in which to prepare. In this latter regard it appears that more than two months elapsed between arraignment and trial during which time the public defender was active in the case and had available to him the record of the proceedings before the grand jury. What further benefit may have accrued to the defendant by continued consultations with his attorney does not appear.

The cases relied on by the defendant are all cases in which a defendant was shown to have been prejudiced by an appointment of counsel in a manner or at a time which made adequate representation impossible (*Powell* v. *Alabama*, 287 U.S. 45 [53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527] ; *People* v. *Chesser*, 28 Cal.2d 815 [178 P.2d 761, 170 A.L.R. 246]), or by the appointment of counsel who failed to conduct himself in the best interests of the defendant (*People* v. *Avilez*, 86 Cal. App.2d 289 [194 P.2d 829]), or by the affirmative denial of the right to consult with or be represented by counsel of the defendant's own choice at all stages of a criminal proceeding

(*In re Ochse,* 38 Cal.2d 230 [238 P.2d 561] ; *People* v. *Havel,* 134 Cal.App.2d 213 [285 P.2d 317] ; *People* v. *McGarvy,* 61 Cal.App.2d 557 [142 P.2d 92] ; *People* v. *Simpson,* 31 Cal.App. 2d 267 [88 P.2d 175] ; *In re Snyder,* 62 Cal.App. 697 [217 P. 777] ; *In re Rider,* 50 Cal.App. 797 [195 P. 965].) In the present case a fair trial was not denied the defendant for any of the foregoing reasons.

The defendant's contention that the district attorney was guilty of prejudicial misconduct is based upon three instances complained of. ▮ It is contended first that it was misconduct to question the defendant on cross-examination concerning bad check passing in the State of Oregon. The defendant first raised this question when he testified on direct examination that he had passed a check in Oregon, and on cross-examination the district attorney further pursued the subject. Two of the questions asked concerning the number of checks passed were not answered on the advice of the court, and the district attorney succeeded in bringing out no information not testified to on direct examination.

▮ It is next contended that the district attorney improperly asked whether the defendant had received an undesirable discharge from the Marine Corps. On direct examination the defendant had testified that he had been a member of the Marine Corps and had been discharged at the age of 17, and on cross-examination the district attorney brought out that the defendant had received a dishonorable discharge, later substituted by a general discharge under honorable conditions.

▮ It is finally contended that the district attorney improperly brought to the jury's attention the fact that the defendant had served time in jail. Again this was first brought out on direct examination when the defendant testified that he had served six months in a county jail in Oregon, and denied having made statements that he had served time elsewhere. On cross-examination the district attorney obtained no further admissions from the defendant.

▮ It is well established that the scope of proper cross-examination may extend to the whole transaction of which the witness has testified, or it may be employed to elicit any matter which may tend to overcome, qualify or explain the testimony given by a witness on his direct examination. (*People* v. *Westek,* 31 Cal.2d 469, 476 [190 P.2d 9] ; *People* v. *Tyren,* 179 Cal. 575, 580 [178 P. 132].) The defendant has failed to show that he was not adequately represented by counsel at all stages of the criminal proceedings; that any

error occurred in the conduct of his trial, or that the district attorney was guilty of misconduct. He received a fair trial and his guilt was established beyond question.

The judgment and order denying the motion for a new trial are affirmed.

Gibson, C. J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.

CARTER, J.—I dissent.

It is my opinion that the minor here involved was deprived of due process of law because of lack of counsel in the juvenile court proceedings.

Defendant was accused of a serious felony; he was remanded to the juvenile court because of his age. In the juvenile court, the only question determined, *so far as the record shows*, is whether or not defendant was a fit subject for the consideration of that court. Since he was undoubtedly a minor, he was within that court's jurisdiction if that court, in the exercise of its discretion, saw fit to retain its jurisdiction over him. It cannot be denied that defendant's future would have been an entirely different matter had the juvenile court retained jurisdiction rather than remanding him to the superior court for trial on the felony charges. If defendant had been provided with counsel at that time so that he could have defended himself on the issue then involved, it is very probable that the outcome would have been different. The California Constitution (art. I, § 13) provides that in criminal prosecutions "in any court whatever" the party accused shall have the right to appear and defend in person *and with counsel*. It has been said, and is said again here in the majority opinion, that proceedings in the juvenile court are not criminal in nature even though the charge is a criminal one. It appears to me that when the charge is a criminal one, and particularly when it is as serious as the one involved here, the proceedings should be considered criminal in nature and the accused be accorded all the safeguards intended for his protection. In *In re Contreras*, 109 Cal.App.2d 787, 789 [241 P.2d 631], it was said: "While the juvenile court law provides that adjudication of a minor to be a ward of the court shall not be deemed to be a conviction of crime, nevertheless, for all practical purposes, this is a legal fiction, presenting a challenge to credulity and doing violence to reason. Courts cannot and will not shut their eyes and ears

to everyday contemporary happenings.'' It was also said (at p. 790): ''Surely, a minor charged in the juvenile court with acts denounced by law as a felony does not have lesser constitutional, statutory rights or guarantees than are afforded an adult under similar circumstances in the superior court. . . . In practically all of the cases affecting juvenile court proceedings that have come to our attention, the minor has admitted the charge lodged against him and the only problem presented to the court was how to best guide and control the minor with a view to his rehabilitation and further development. In the case at bar however, the minor emphatically and at all times denied his alleged delinquency. Under such circumstances his liberty should not be taken from his [sic] until his guilt of the charges judged against him was established by legal evidence. That however praiseworthy, according to the viewpoint of the individual, may be the motives of the juvenile court, that tribunal may not impinge upon the legal rights of one brought before it is emphatically set forth in *In re Tahbel*, 46 Cal.App. 755, 760, 761, 762, 763 [189 P. 804]; in *In re Hill, supra*, pp. 26, 27, 28 [78 Cal.App. 23 (247 P. 591)]; and in *In re Rauch*, 103 Cal.App.2d 690, 698 [230 P.2d 115]. *In the final analysis the juvenile court is a judicial institution.''* (Emphasis added.) In *In re Poff*, 135 F.Supp. 224, 227, the Contreras case was approved, and it was held that the legislative intent was to enlarge, not to diminish the constitutional protections afforded a minor. The court there concluded: ''I hold only that where a child commits an act, which act if committed by an adult would constitute a crime, then due process in the Juvenile Court requires that the child be advised that he is entitled to the effective assistance of counsel, and this is so even though the Juvenile Court in making dispositions of delinquent children is not a criminal court.''

In the majority opinion it is said that there is nothing in the present record to show that the minor defendant here was deprived of his rights or denied due process of law. When the gravity of the charge is taken into consideration, it seems to me that the lack of counsel to advise defendant was a deprivation of due process in the juvenile court proceedings which *are* judicial proceedings.

I would therefore reverse the judgment.