[Crim. No. 3766.   First Dist., Div. One.   Nov. 28, 1960.]

THE PEOPLE, Respondent, v. HERBERT D. STEVENS, Appellant.

*Assigned by Chairman of Judicial Council.

Harry P. Calvert, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Joseph I. Kelly, Deputy Attorneys General, for Respondent.

DUNIWAY, J.—Defendant's appeal, presented by court-appointed counsel, is from a judgment of conviction of arson (Pen. Code, § 447a). The evidence, while entirely circumstantial, pointed strongly to the defendant's guilt, and it is not contended that the evidence is insufficient to sustain the verdict of the jury. We have carefully read the record and are convinced that it fully sustains the verdict. The sole witness for the defense was the defendant himself, and his testimony consisted of denials and of a claim that he was elsewhere at the time the fire was set.

Prejudicial error is asserted, based upon the following cross-examination: "Q. [Mr. Dean, deputy district attorney] : Mr. Stevens, have you ever been convicted of a felony? A. I have once, back in 1945. Q. That was robbery in the State of Oregon, is that correct? A. That is correct. I was in the Marine Corps at the time. I just got back from overseas. Q. Subsequently, you were out of the Marine Corps, isn't that correct? A. Finally. Q. On desertion, is that correct? A. No. Q. What was it? A. I was discharged from the Marine Corps because I was put on probation on account of it. Q. A dishonorable discharge? A. No. Undesirable. Q. An undesirable discharge. What is your business or occupation, Mr. Stevens? A. Well, I am a painter, which I have been doing for about ten years, I guess, since my discharge. Q. Between June 1st and July 22nd of this year, how many days did you work? MR. McNAMARA [public defender] : I will object to that upon the grounds that it is incompetent, irrelevant and immaterial, your Honor. He is not on trial here for not working. He is on trial here charged with arson. THE COURT: Sustained. MR. DEAN: Q. Was Mrs. Carter supporting you just prior to this fire? MR. McNAMARA: The same objection, if your Honor please. THE COURT: Sustained. MR. DEAN: Q. Mr. Stevens, you said you had been drinking on Monday, July 20th, as well as on Tuesday, July 21st, 1959, is that correct? A. That is correct, yes."

It was defendant himself who brought his service in

the Marine Corps into the picture. Under these circumstances, the district attorney was entitled to inquire as to the cause of discharge. (*People* v. *Dotson,* 46 Cal.2d 891, 898 [299 P. 2d 875].)

■ The asking of the two questions to which objections were sustained could not have been prejudicial under the circumstances. Defendant himself indicated that just before the fire he was looking for work. Moreover, following the sustaining of the objections no further reference to the matters was made. ■ As this court said in *People* v. *Ramsey,* 172 Cal.App.2d 266, at page 273 [342 P.2d 287] : "Reversible error does not flow from an irrelevant question nipped in the bud by a sustained objection."

■ Defendant had testified as to a quarrel with the owner of the house on July 20th. The district attorney was entitled to inquire as to whether he was drinking at that time, particularly since defendant testified to a second quarrel on the next night, when the fire was started, and that he had been drinking heavily at that time.

No other errors are assigned.

Affirmed.

Bray, P. J., and Tobriner, J., concurred.

A petition for a rehearing was denied December 20, 1960, and appellant's petition for a hearing by the Supreme Court was denied January 27, 1961.