1 Cal.App.3d 178 (1969)
81 Cal. Rptr. 574
In re T.R.S., a Person Coming Under the Juvenile Court Law.
MARGARET C. GRIER, as Chief Probation Officer, etc., Plaintiff and Respondent,
v.
T.R.S., Defendant and Appellant.
Docket No. 9576.
Court of Appeals of California, Fourth District, Division One.
October 24, 1969.
*180 COUNSEL
Cohen & Stokke and Allan H. Stokke for Defendant and Appellant.
Cecil Hicks, District Attorney, and Michael R. Capizzi, Deputy District Attorney, for Plaintiff and Respondent.
OPINION
COUGHLIN, J.
The minor was declared a ward of the juvenile court because he killed a human being in the commission of a lawful act which might produce death, without due caution and circumspection, thereby violating Penal Code section 192, subdivision 2; was placed in the custody of his parents under terms of probation; and appeals. Previously the court denied his motions for a preliminary hearing or, in the alternative, for an order that the case against him first be presented to the grand jury, and for trial by jury. After filing his notice of appeal he moved the court for an order directing the preparation of the transcript on appeal without charge to him, and this motion was denied. On appeal he seeks reversal of the order declaring him a ward upon the grounds: (1) The evidence is insufficient to support the finding he violated Penal Code section 192, subdivision 2; and (2) denial of the aforesaid motions was error.
That version of the evidence most favorable to the order supports the conclusion the minor, an 11-year-old boy in the fifth grade, of average intelligence, shot and killed another boy; his parents had instructed him to stay out of the bedroom of a half-brother in which there was a shotgun and a .45 caliber automatic pistol, to leave these guns alone, not to touch them, and not to play with them; his father told him "a gun is dangerous at all times" and even if "you know they're unloaded, treat them as though they are loaded because they are dangerous"; in spite of these warnings he had played with the guns; on the day of the fatal shooting he came out of the house into the front yard with the shotgun; his brother, S., told him to take the gun back, and he complied; he reappeared in the yard with the .45 caliber pistol; on the way out of the house he pulled back the hammer on the gun which cocked the pistol; when on the outside the victim asked him if the gun was real; thereupon he replied it was a real gun, pointed the gun in the direction of the victim, who was about 4 feet away, and pulled the trigger, firing the gun which was loaded; the bullet struck the victim in the face and killed him; he, the minor, testified he knew if the gun had bullets in it someone could be seriously hurt or killed with a bullet from the gun; he believed the gun was unloaded, but he knew he should handle it "so that if *181 it did go off, it wouldn't hurt anybody"; he took no precautions to determine whether the gun was loaded.
(1) The evidence adequately supports the conclusion the minor, judged by the standards of a boy of his age, mental capacity, experience and intelligence, was criminally negligent. (In re Dennis M., 70 Cal.2d 444, 460 [75 Cal. Rptr. 1, 450 P.2d 296]; In re Hartman, 93 Cal. App.2d 801, 806 [210 P.2d 53]; People v. Searle, 33 Cal. App. 228, 231-232 [164 P. 819]; gen. see People v. Penny, 44 Cal.2d 861, 879 [285 P.2d 926]; People v. Villalobos, 208 Cal. App.2d 321, 326-328 [25 Cal. Rptr. 111].) There is no merit to the contention the evidence, by "clear proof" as required by Penal Code, section 26, does not establish the minor knew the wrongfulness of his conduct.
(2) The minor contends the court's refusal to grant him a preliminary hearing or, in the alternative, to order the case presented to the grand jury, denied him equal protection of the law.
The California Constitution provides that certain offenses, including a violation of Penal Code section 192, subdivision 2, shall be prosecuted by information, after a preliminary hearing, or by indictment. (Cal. Const. art. I, § 8.) This provision is part of the penal proceedings prescribed for the prosecution of crimes. Proceedings under the Juvenile Court Law are not criminal; are instituted by a petition; and are not governed by the aforesaid constitutional provision even though an order of wardship by the juvenile court is premised on misconduct which constitutes the violation of a penal statute. (In re Schubert, 153 Cal. App.2d 138, 141 [313 P.2d 968]; In re Johnson, 227 Cal. App.2d 37, 39 [38 Cal. Rptr. 405]; People v. Superior Court, 104 Cal. App. 276, 282 [285 P. 871]; In re Black, 94 Cal. App. 402, 404 [271 P. 360].) The minor claims he is denied equal protection of the law because in juvenile court proceedings he is not afforded the safeguards afforded an adult in criminal proceedings, each being charged with the same misconduct. The constitutional guarantee of equal protection of the law does not require conformance between juvenile court procedures and criminal court procedures. (In re Herrera, 23 Cal.2d 206, 212-214 [143 P.2d 345]; In re K.D.K., 269 Cal. App.2d 646, 652 [75 Cal. Rptr. 136]; In re J.F., 268 Cal. App.2d 761, 773 [74 Cal. Rptr. 464]; In re Cavanaugh, 234 Cal. App.2d 316, 321 [44 Cal. Rptr. 422].)
(3) The minor's assertion of error in refusing him a jury trial is premised upon the dual contention (1) the order of the court in the premises denied him equal protection of the law which, for the reasons heretofore noted, has no merit; and (2) also denied him due process of law.
*182 Heretofore the California Supreme Court held the provision of the state Constitution guaranteeing trial by jury (Cal. Const. art I, § 7), does not apply to juvenile court proceedings. (In re Daedler, 194 Cal. 320 [228 P. 467]; see also People v. Fifield, 126 Cal. App.2d 741, 743 [289 P.2d 303].)
The minor relies upon the federal Constitution and the decision of the United States Supreme Court in Application of Gault, 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428], in support of his position.
The right to trial by jury in a criminal case involving a serious offense is guaranteed by the federal Constitution, whether the case is tried in a federal or a state court. (Duncan v. Louisiana, 391 U.S. 145 [20 L.Ed.2d 491, 88 S.Ct. 1444].) However, the federal Constitution "does not require that the full panoply of rights accorded an adult accused of a crime be erected in the juvenile court." (In re Dennis M., supra, 70 Cal.2d 444, 450; see also Application of Gault, supra, 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428, 1445].)
To adopt trial by jury in the juvenile court would "introduce a strong tone of criminality into the proceedings" (In re Dennis M., supra, 70 Cal.2d 444, 456), destructive of the beneficial purposes of the Juvenile Court Law, not warranted as a due process of law safeguard of individual rights. The rationale of the decision in In re Dennis M., supra, 70 Cal.2d 444, 450-460, holding the federal Constitution does not require application of the criminal law rule of proof beyond a reasonable doubt to juvenile court proceedings dictates the conclusion a jury trial therein is not so required. Courts in other jurisdictions have held denial of a jury trial in a juvenile court proceeding is not denial of due process of law. (Dryden v. Commonwealth (Ky.App.) 435 S.W.2d 457, 461; People v. K., 58 Misc.2d 526 [296 N.Y.S.2d 404]; Commonwealth v. Johnson, 211 Pa. Super. 62 [234 A.2d 9, 13-17[1]]; Estes v. Hopp, 73 Wn.2d 263 [43 P.2d 205, 206]; see also In re Fletcher, 25 Md. 520 [248 A.2d 364, 372].) We adopt the reasoning in those cases and conclude accordingly.
(4) Whether the order denying minor's motion for transcripts on *183 appeal without charge was error is not material to a determination of his appeal from the order declaring him a ward. The transcripts are before the court. No appeal was taken from the order denying the motion. The alleged error, even assuming it exists, is not related to the order declaring wardship and would not authorize a reversal of that order.
The order appealed from is affirmed.
Brown (Gerald), P.J., and Whelan, J., concurred.
NOTES
[1] The court in In re Dennis M., supra, 70 Cal.2d 444, 455, quoted a part of the opinion in Commonwealth v. Johnson, 211 Pa.Super 62 [234 A.2d 9], in support of its position, with apparent approval, and said: "Although the consequences of adopting the reasonable doubt standard in juvenile court would perhaps be less drastic than adopting a jury system, to do so would nevertheless introduce a strong tone of criminality into the proceedings." (Italics ours.)