### In re LAMBERT et al.
#### No. 11308.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 3, 1952.

Decided Feb. 19, 1953.

608

Ralph R. Sachs, Washington, D. C., for appellant Myrtle Lambert.

Chester H. Gray, Principal Assistant Corporation Counsel for the District of Columbia, Washington, D. C., with whom Vernon E. West, Corporation Counsel, and Edward A. Beard, Assistant Corporation Counsel, Washington, D. C., were on the brief, urged affirmance. James M. Earnest, Assistant Corporation Counsel, Washington, D. C., also entered an appearance.

Before CLARK, PRETTYMAN and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

This appeal involves a proceeding in the Juvenile Court for the District of Columbia concerning the custody of two children. A representative of the Board of Public Welfare filed a petition in that court[1] representing that two children, aged two and three years, were without adequate parental care, that the children were then with the Board of Public Welfare, and that the father resided in the District of Columbia and the mother in Alexandria, Virginia. The father was served with a copy of the petition and with a summons to appear. The mother was notified by mail and was requested to be present in the court at a given hour and day, at which time a hearing was to be held on the petition. An attorney replied by letter on behalf of the mother, stating that the children were being well taken care of, that they were under her control and custody in the State of Virginia, that she was no longer a resident of the District of Columbia, and that she would not be in attendance at the hearing. After several continuances the hearing was called and an attorney for the mother appeared before the court and, being refused permission to discuss the case with the court staff or to have access to the records unless he entered an appearance, entered an appearance on behalf of the mother. He first demanded a trial by jury. That demand was denied. The attorney then objected to the jurisdiction of the court, and, his objection being overruled, he withdrew. The court proceeded with the hearing and found the children to be without adequate parental care. It then committed the children to the care of the Board of Public Welfare during the periods of their minorities.

The mother appealed to the Municipal Court of Appeals. That court, one judge dissenting, affirmed the judgment.[2] The mother petitioned this court for an allowance of an appeal, and that petition was granted.

The appellant mother raises three points: (1) that the Juvenile Court erred in denying her a jury trial; (2) that the Juvenile Court had no jurisdiction because of its failure to comply with the requirements of the statute relating to service of process;

1. 52 Stat. 597 (1938), D.C.Code § 11–908 (1951).

2. In re Lambert, D.C.Mun.App., 1952, 86 A.2d 411.

and (3) that the Juvenile Court had no jurisdiction over the children, since they were not residents of the District of Columbia. The first point is the most important one and the one on account of which we allowed the appeal.

The statute governing proceedings in the Juvenile Court contains this sentence: "The court shall hear and determine all cases of children without a jury unless a jury be demanded by the child, his parent, or guardian or the court." [3] Appellant says the sentence is clear and unambiguous and means that a jury trial must be granted upon demand of the parent in every case in which a child is involved. There is much force in that contention. Upon a bare reading the sentence does seem so to provide. Nevertheless we are constrained to hold otherwise.

The sentence immediately preceding the one just quoted is: "All cases involving children may be heard separately and apart from the trial of cases against adults." Thus Congress used two different expressions in two succeeding sentences; in the first "All cases involving children" and in the second "all cases of children". The Corporation Counsel for the District of Columbia contends that the two expressions mean two different things, that the first means literally all cases in which children are involved and that the second means cases in which children are accused parties. This difference in expression creates enough ambiguity for the court to look at the intent of the statute and its legislative history.

Three propositions then become certain. (1) Proceedings concerning the custody of children have always been equity proceedings, and a jury has never been either required or used in this jurisdiction in such proceedings. (2) The intent of the Juvenile Court statute was to restrict and not to expand jury trials or, indeed, to expand any other feature identified with usual court procedure as such. It was the theory of this statute that children ought not to be labeled criminals and that proceedings against them for offenses which are criminal in nature should be as far removed from the characteristics of a criminal trial as possible. (3) The legislative history of the present statute shows that the last half of the sentence relating to jury trials, above quoted, was designed to reinstate rights which would have been denied by the first half of the sentence. The old law had been that, in all "prosecutions" in the Juvenile Court in which the Constitution required a jury, a jury trial should be had unless expressly waived in open court. [4] In the early drafts of the bills which preceded the present statute, the critical sentence read: "The court shall hear and determine all cases of children without a jury." [5] Objection was made to this total abrogation of the right to jury trial. When the bill was introduced in the 75th Congress, [6] the last half of the present sentence—"unless a jury be demanded by the child, his parent, or guardian or the court"—had been added. The sentence thus written became the provision in the present statute. The added clause in the final new law was intended to restore upon demand those rights which would have been denied by the first drafts. No right to jury trial in custody cases existed theretofore, so it would not have been withdrawn by the first drafts of the new law. Thus it was not restored by the last draft; if it was included in the present statute it was an addition to rights under the old law. We find no intention to make such an addition. Our conclusion is fortified by the reason assigned by the House Committee for providing jury trial upon demand. In its report to the House [7] the Committee said that jury trial was provided on demand, "due to the fact that the District of Columbia is a Federal jurisdiction."

---

3. 52 Stat. 599 (1938), D.C.Code § 11–915 (1951).

4. 34 Stat. 75 (1906), D.C.Code § 18–262 (1929).

5. H.R. 10363, 74th Cong., 2d Sess. § 14 (1936); H. R. 12513, 74th Cong., 2d Sess. § 14 (1936).

6. H.R. 3863, 75th Cong., 1st Sess. § 14 (1937).

7. H.R.Rep.No.177, 75th Cong., 1st Sess. (1937).

This was an obvious reference to the requirement of the Federal Constitution that jury trial be available in all "criminal prosecutions".[8] That reference was not applicable to custody cases.

■ To hold with the contention of the appellant would be to hold that Congress, in the Juvenile Court statute, provided jury trials where none had ever theretofore been had. In the light of the clear purpose of the statute, and in the additional light of the legislative history, we cannot so hold. We think that the right to jury trial upon demand was intended to be granted only in those cases in which jury trials had theretofore been customary. Being of that view we affirm the judgment of the Municipal Court of Appeals upon that point.

■ Appellant mother next says that a jurisdictional requirement of the statute is that she be served with a summons, either by formal personal service or by registered mail,[9] and that since she was not so served the court was without jurisdiction to proceed. However it appears that any objection which the mother might have had respecting the service of the notice was waived by the appearance entered for her by her counsel in the court proceeding. Counsel says that this appearance was of no effect upon this point, because he tried to enter a special appearance for the sole purpose of contesting jurisdiction, that he was denied that right, and that, therefore, the apparently general appearance was forced upon him by the court. But the record before us does not bear out that contention. The Statement of Proceedings and and Evidence, signed by the court and approved by counsel on both sides, including this attorney for the mother, shows that counsel for the mother appeared in court, stating that he had no authority to enter an appearance by *præcipe* but notifying the court of the pendency of a *habeas corpus* proceeding in the District Court and requesting a continuance of the proceeding in the Juvenile Court. Then followed the advice to counsel by the court as to discussion with the staff and inspection of the papers. After the continuance, the Statement says, counsel for the mother "entered his appearance" and his first act was to demand a jury trial. Only after that demand was denied did counsel protest the court's jurisdiction. The claimed attempt of a special appearance for the purpose of protesting jurisdiction is not supported by the facts thus outlined.

■ Lastly appellant says that the court had no jurisdiction over the children, because she says they were non-residents of the District and there are indicia by implication that the children were brought into the District for the express purpose of subjecting them to the jurisdiction of the Juvenile Court here. We find in the record no evidence of non-residence and no implications such as are suggested by the mother here. The petition to the court recited that the children were then in the custody of the Board of Public Welfare (meaning the Board in the District). No evidence on the subject appears. Furthermore the father of the children, their natural guardian, was a resident of the District. He appeared and testified at the hearing. The question posed by counsel does not arise on the facts in the record.

The judgment of the Municipal Court of Appeals is

Affirmed.

8. U.S.Const. Amend. VI.

9. 52 Stat. 598 (1938), D.C.Code § 11–909 (1951).