Thomas Edward SHIOUTAKON, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 1623.

Municipal Court of Appeals, District of Columbia.

Argued May 16, 1955.

Decided June 24, 1955.

Rehearing Denied July 8, 1955.

James J. Laughlin, Washington, D. C., for appellant.

Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, Milton D. Korman, Asst. Corp. Counsel, and Harry L. Walker, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This appeal is from a denial by the Juvenile Court of the District of Columbia of a motion to set aside an order committing appellant, a minor, to the Department of Public Welfare.[1]

No factual issues are in dispute. The record reflects the following: On October 7, 1954, a petition was filed in the Juvenile Court alleging that appellant, then 15 years of age, had used an automobile without the consent of the owner. Summonses were issued to him and his mother, with whom he was then residing, to appear at a hearing to be held on October 20, 1954. On that date the youth, accompanied by his mother, appeared without counsel, acknowledged the allegation, and was committed to the custody of the Department of Public Welfare. Thereafter counsel was obtained and on January 21, 1955, a motion was filed to vacate the order of commitment and to permit appellant to enter a " * * * plea of not guilty." The basis for the motion was the contention that appellant's constitutional rights had been violated at the hearing because the judge had failed to advise him of his right to the assistance of counsel. Argument on the motion was heard, the motion was denied, and this appeal follows.

1. Code 1951, § 11–915(2).

At the outset it should be stated that we hold it proper to take cognizance of the fact that appellant was on probation as a result of a prior proceeding in the Juvenile Court at the time of the act described in the petition of October 7, 1954. Although this fact is not specifically set forth in the record, it is alluded to in the entries of the clerk of the Juvenile Court. At two separate places in the record, reference is made to three docket numbers of the Juvenile Court other than the one assigned to the proceedings of October 20, 1954. One of these references is included in the entry of October 20, 1954, committing appellant to the Department of Public Welfare. Not only was no objection taken by appellant to these references, assuming one could be taken, but further they are included in the record designated by him to be transmitted to this court.

In reviewing the cases represented by these docket numbers, we find that on three separate occasions in February 1954 appellant used three different automobiles without the consent of their owners. A hearing regarding these three incidents was held in Juvenile Court on May 14, 1954. Appellant acknowledged each allegation and was then placed on probation on all three cases. As of that time the jurisdiction of the Juvenile Court attached and the status of appellant as a delinquent was established. As such, he remained subject to the jurisdiction and supervision of the court. While on probation he committed the act which resulted in the order of commitment.

All assignments of error raised by appellant relate to the question of the rights due a child[2] with respect to representation by counsel in a delinquency hearing in the Juvenile Court of the District of Columbia. The only conclusion that can be reached from the argument of appellant is that these rights are the same as those of any person, whether infant or adult, who is subjected to a criminal prosecution. We cannot reach such a conclusion. On the record before us, the sole question to be answered is whether the trial judge committed error at the hearing of October 20, 1954, in accepting appellant's admission of the unauthorized use of an automobile without first advising him of his right to counsel.

It is appropriate that we again reiterate the nature and purpose of a hearing conducted in the Juvenile Court to determine whether a child is a delinquent. The impression is given throughout appellant's argument that a criminal trial was had. He states that he was the "accused" and the "defendant" in a "prosecution"; that he pleaded "guilty" and a "conviction" was had; and that he wished to change to a "plea of not guilty." This terminology unquestionably bespeaks a criminal procedure, and it has been repeatedly held that a hearing in the Juvenile Court conducted for the purpose of determining whether a child is a delinquent is not one criminal or penal in character, but rather is an adjudication upon the status of a child in the nature of a guardianship imposed by the state as *parens patriae* to provide the care and guidance that under normal circumstances would be furnished by the natural parents. White v. Reid, D.C.D.C., 125 F.Supp. 647; see also In re Lambert, 92 U.S.App.D.C. 104, 203 F.2d 607; Thomas v. United States, 74 App.D.C. 167, 121 F.2d 905; Rule v. Geddes, 23 App. D.C. 31. The objective of the Juvenile Court act is rehabilitation, not punishment,[3] and the institution to which the delinquent child is sent is not one penal in nature, but rather one for rehabilitation and training purposes. White v. Reid, supra.

The purpose of the proceedings is not to determine the question of guilt or innocence,[4] but to promote the welfare

2. Code 1951, § 11–906(b): "When used in this chapter— * * *
   "(3) The word 'child' means a person under the age of 18 years;

"(4) The word 'adult' means a person 18 years of age or older."

3. In re Kroll, D.C.Mun.App., 43 A.2d 706.

4. Thomas v. United States, supra.

of the child and the best interests of the state by the strengthening of family ties where possible, and, when necessary, to remove the child from custody of his parents for his welfare or the safety or protection of the public, securing for him custody, care, and protection as nearly as possible equivalent to that which should have been given him by his parents.[5]  At a delinquency proceeding it has been said that:

"* * * the problem for determination by the judge is not, Has this boy or girl committed a specific wrong, but What is he, how has he become what he is, and what had best be done in his interest and in the interest of the State to save him from a downward career.[6]

■ It is settled law that in the trial of criminal cases in the federal courts the defendant is entitled to the assistance of counsel at every stage in the proceeding. In Smith v. United States, 53 App.D.C. 53, 288 F. 259, it was said that an accused is entitled to the assistance of counsel for his defense, that he shall have an opportunity of selecting such counsel, and that in the event of his failure to do so, counsel should be assigned by the court.  But these mandates pertain solely to criminal proceedings involving defendants and criminal charges.

■ In the case of In re Lambert, D.C. Munn.App., 86 A.2d 411, affirmed 92 U.S. App.D.C. 104, 203 F.2d 607, we stated that there was no constitutional right to a jury trial in a juvenile delinquency hearing inasmuch as it is a statutory proceeding to determine the best interests of the child, and not a criminal or common-law proceeding.  The only determination to be made on this appeal is whether the proceedings in the Juvenile Court were in conformity with the statutory requirements and whether there was a denial of due process of law.[7]

■ While we are aware that in certain proceedings had in the Juvenile Court there is a duty on that court to advise of the right to counsel, this is not one of them. It was held in Evans v. Rives, 75 U.S.App. D.C. 242, 126 F.2d 633, that the constitutional guarantee that an accused shall be instructed by a court of his right to counsel in a criminal proceeding applies to a defendant prosecuted in the Juvenile Court for his refusal to provide for the support and maintenance of a minor child.  However, that case was one in which the Juvenile Court was exercising its criminal jurisdiction as distinguished from the present type of delinquency hearing.  Therefore it is necessary to first determine which branch of the Juvenile Court's jurisdiction is being exercised before the question of the rights of the parties can be determined.  Since the constitutional safeguards due an accused in a criminal proceeding are not applicable in a juvenile delinquency hearing, there is no merit in the contention of appellant that it was reversible error in the failure to advise him of his right to the assistance of counsel. Although a child may be represented by an attorney at such hearings, it should be noted that there is no provision in our statute for the appointment of an attorney by the court.[8]

■ The indispensable elements of due process are a tribunal with jurisdiction, notice of a hearing to the proper party, and an opportunity for a fair hearing according to applicable procedures.  We find these to have been afforded appellant.

Affirmed.

5. White v. Reid, D.C.D.C., 126 F.Supp. 867;  D.C.Code 1951, § 11–902.

6. 23 Harvard Law Review, "The Juvenile Court," p. 104, by Julian W. Mack.

7. White v. Reid, D.C.D.C., 125 F.Supp. 647; In re Lambert, supra.

8. As to statutory provisions in other jurisdictions, see In re O'Day, 83 Cal.App. 2d 339, 189 P.2d 525; 43 C.J.S., Infants, § 99, p. 242; 31 Am.Jur., Juvenile Courts and Offenders, § 36, p. 803.