**In the Matter of Charles Bernard SCHAEFFER, Appellant.**

**No. 1876.**

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 24, 1956.

Decided Nov. 20, 1956.

James J. Laughlin, Washington, D. C., for appellant.

Richard W. Barton, Asst. Corp. Counsel, with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, Milton D. Korman and Hubert B. Pair, Asst. Corp. Counsel, were on the brief for appellee District of Columbia.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

On February 4, 1953, appellant, then fifteen years of age, was brought into Juvenile Court on two petitions charging that on five separate occasions between December 12, 1952, and January 16, 1953, he had used automobiles without the permission of the owners. Appellant's mother was present with him in court and he acknowledged the truth of the charges. The court committed him to the National Training School for Boys until he became twenty-one years of age.[1]

More than three years later, on June 5, 1956, appellant through counsel filed a motion to vacate the judgment of commitment on the ground that his "constitutional rights were violated inasmuch as he was denied assistance of counsel." The motion was denied and this appeal followed.

1. Appellant's notice of appeal indicates he is now confined in the "Juvenile Training School" at Chillicothe, Ohio, evidently meaning the Federal Reformatory.

Appellant argues that the judgment of commitment should have been vacated because the court did not appoint counsel for him, did not advise him of his right to counsel, and permitted him to answer the charges without the assistance of counsel. We might answer this argument by saying that none of these alleged facts are affirmatively shown by the record. However, we think it is a fair inference from the record that appellant appeared without counsel and no counsel was appointed for him, and we prefer to answer appellant's argument on the assumption that his allegations of fact are true.

Appellant relies on Shioutakon v. District of Columbia, D.C.Cir., 236 F.2d 666, 670, which reversed the decision of this court. When that case was before us we held that a juvenile delinquency proceeding is in nowise a criminal proceeding and that the law relative to the right to counsel of an accused in a criminal case was not applicable to a juvenile delinquency proceeding. We ruled that although a child has the right to representation by counsel in such a proceeding, failure to advise him of such right did not constitute a denial of due process. Shioutakon v. District of Columbia, D.C.Mun.App., 114 A.2d 896. The United States Court of Appeals, in reversing, expressly stated it did not reach consideration of due process requirements, and held that in its view of the statute "the juvenile must be advised that he has a right to engage counsel or to have counsel named on his behalf." Furthermore, the court made it plain that its holding was to be applied only "in this and in similar cases in the future." Thus, as we understand the Shioutakon case, its ruling has no application to the case before us.

Despite our ruling in the Shioutakon case that there was no violation of due process, appellant urges us to now hold otherwise. Our ruling on this point was not disturbed by the United States Court of Appeals and we adhere to it.

Affirmed.