**Howard William SWANN, Jr., Appellant,**

**v.**

**DISTRICT OF COLUMBIA, Appellee.**

**No. 2397.**

Municipal Court of Appeals for the District of Columbia.

Argued May 25, 1959.

Decided June 23, 1959.

---

1. Moyer v. Moyer, D.C.Mun.App., 134 A. 2d 649.

---

Robert J. Harlan, Washington, D. C., for appellant.

Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

On March 23, 1955, a petition was filed in the Juvenile Court alleging that appellant, then fifteen years of age, had yoked another and had taken from him a wallet containing 53 cents and some personal papers. On April 6, 1955, appellant appeared in court with his parents and foster mother and acknowledged the allegation. He was then committed to the National Training School for Boys until 21 years of age.

In December 1958 appellant filed in the Juvenile Court a petition for habeas corpus, asserting he had been denied the right of counsel at the original hearing. It would appear from this petition, apparently prepared by appellant with little assistance, that he had been released on parole on July 1, 1957, but had violated his parole and had been recommitted and was then confined at the Federal Reformatory at Petersburg, Virginia.[1]

1. The notice of appeal stated that appellant was then in the Federal Reformatory at Lewisburg, Pennsylvania.

The Juvenile Court held that it had no jurisdiction to issue a writ of habeas corpus, and in order to protect the rights of appellant appointed Robert J. Harlan, a member of the Bar, to represent appellant and to file an appropriate motion. Mr. Harlan then filed a motion to vacate and set aside the commitment. This motion was based on the claim that the Juvenile Court at the original hearing had failed to advise appellant of his right to assistance of counsel. The motion was denied and this appeal followed.

Before discussing the question raised, we note that the record before us is very brief. This is partly due to the fact that the present Judge of the Juvenile Court was not the judge at the time of commitment and therefore has no knowledge of what occurred at that time. Appellant was not present at the hearing of the motion and his only version of what occurred at the time of commitment is contained in his unsworn petition for writ of habeas corpus. Appellant's mother who, according to the record, was present at both the original commitment and the motion to vacate, did not testify as to what occurred at the commitment. Thus our only source of information as to the circumstances surrounding appellant's appearance in court and acknowledgment of the allegation of the petition is the Clerk's Memorandum or docket entries. This indicates that appellant appeared with his parents and foster mother and acknowledged the allegation. No reference is made to an attorney and we think it safe to assume that had appellant been formally represented by counsel the record would have so indicated. As to whether appellant was advised of his right to assistance of counsel and whether he waived such right, the record is silent. We note that in the petition for writ of habeas corpus appellant says he was "denied the right of counsel, was not informed that I could have someone to represent my case," and we also note that nowhere does appellant deny that he committed the yoking or

assert that he had a defense to the charge. Despite the lack of affirmative showing in the record we proceed on the assumption that the court did not advise appellant or his parents that he had the right to be represented by counsel. And the only question here is whether this constituted a denial of appellant's constitutional rights.

This same question was presented to us in Shioutakon v. District of Columbia, D. C.Mun.App., 114 A.2d 896. There we held that a proceeding in the Juvenile Court against a delinquent child is not a criminal proceeding, and concluded: "Since the constitutional safeguards due an accused in a criminal proceeding are not applicable in a juvenile delinquency hearing, there is no merit in the contention of appellant that it was reversible error in the failure to advise him of his right to the assistance of counsel." 114 A.2d at page 899. On appeal the United States Circuit Court of Appeals interpreted the Juvenile Court Act as intending to allow a juvenile offender to be represented by counsel, including the right to be advised of such right. This holding, as we have said, was based on an interpretation of the act and not on constitutional grounds, and the holding was restricted to that case and "similar cases in the future." Shioutakon v. District of Columbia, 98 U.S.App.D.C. 371, 375, 236 F.2d 666, 670, 60 A.L.R.2d 686, 690. See also McBride v. Jacobs, 101 U.S.App.D.C. 189, 190, 247 F.2d 595, 596, where it was said that the holding in the Shioutakon case was effective "from and after May 17, 1956." As the hearing in the instant case occurred prior to that date the Shioutakon ruling is not applicable here.

Following the Shioutakon case we had before us the case of In re Schaeffer, D.C. Mun.App., 126 A.2d 870; where the facts were very similar to the present case, and we were urged to reverse our holding in the Shioutakon case that in a juvenile delinquency proceeding failure to advise the juvenile of his right to counsel did not constitute a denial of due process. As the

United States Court of Appeals had not disturbed our holding in that respect, we adhered to our former ruling.

In the instant case counsel for appellant, recognizing that the United States Court of Appeals ruling in the Shioutakon case is inapplicable here, earnestly requests us to reconsider our ruling in the Schaeffer case and to hold that constitutional safeguards guaranteed to one accused of crime are applicable in a juvenile delinquency case. We have given the matter serious consideration but have concluded that our previous holding was sound and we adhere to it.

Affirmed.