THE COMMONWEALTH OF PUERTO RICO in the interest of minor R. M. R., the latter Appellant.[1]

No. 12903.   Decided July 28, 1961.

---

[1] In order to comply with the provisions of Rule 5.1 of the Rules of Procedure for Cases Covered by Act No. 97 of June 23, 1955 (Minors) (Sess. Laws, p. 504), adopted by the Supreme Court of Puerto Rico on January 30, 1959 (34 L.P.R.A., App. R.5.1), and which have been in force since July 30 of that year, we have changed the title under which the complaint in this case was filed in the Superior Court. We have likewise omitted the name of the minor and of all interested parties as required by Rule 14(e) (34 L.P.R.A., App. R.14(e)).

*Gaspar Gerena Bras* for appellant. *Arturo Estrella, Acting Attorney General,* and *Rodolfo Cruz Contreras, Assistant Attorney General,* for The People.

Division composed of Mr. Justice Blanco Lugo, as Chief Judge of Division, and Mr. Justice Rigau and Mr. Justice Dávila.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On July 29, 1958, minor R... M... R... filed an appeal [2] before this Supreme Court to review the order en-

---

[2] The petition for appeal was predicated on the provisions of § 14 of the Act Concerning Minors. As of July 31, 1958, the effective date thereof, and pursuant to Rule 14 of the Rules on Matters Concerning Minors, the proper proceeding is that prescribed by § 14 of Act No. 11 of July 24, 1952 (Sp. Sess. Laws, p. 30, 4 L.P.R.A. § 37), as amended by Act No. 115 of June 26, 1958 (Sess. Laws, p. 279). *Cf. Andino* v. *Fajardo Sugar Co.,* 82 P.R.R. 81 (1961); *Sierra* v. *Pizá, Inc.,* 82 P.R.R. 294 (1961). Since the present appeal was taken by filing the notice of appeal on July 29, 1958, it is not necessary to file a petition for review according to our holding in *Bermúdez* v. *Ortiz,* 80 P.R.R. 683 (1958).

tered by the Judge of Minors pursuant to the provisions of § 4 of Act No. 97 of June 23, 1955 (Sess. Laws, p. 504, 34 L.P.R.A. Cum. Supp. § § 2001–15), to which we shall hereinafter refer as the Act Concerning Minors, ordering the change of venue for the case to be dealt with as that of an adult. The said section provides that "When a child 16 years and under 18 years of age is charged with the commission or omission of an act which would constitute a felony if committed by an adult, the Judge, after investigating the case and concluding that to take cognizance thereof under the provisions of this act would be at cross purpose with the welfare of the child or of the community, may order a change of venue for the case to be dealt with as that of an adult."

On May 3, 1957, three complaints were filed in the Superior Court of San Juan, Division of Minors, against minor R... M... R..., charging "offenses" for violation of the provisions of several sections of the Penal Code of Puerto Rico.[3] An order was forthwith issued to the Division of Social Services to conduct an investigation on the conduct and social attitude of the minor in the midst of the community. At the request of the minor's father, he was referred to the Mental Hygiene Clinic for examination and his conduct was diagnosed as "personality disorder." Psychiatrist Dr. A. Flores Gallardo was of the opinion "that there are no indications that this minor is suffering from mental disorder." Social worker Beatriz M. Cruz submitted a lengthy report on the minor's family, home conditions, and other details concerning his life and environment in which he was reared from the time he was born. On the basis of all these

---

[3] Section 1 of the Act Concerning Minors defines "complaint" as the brief filed in the Court describing the "*offense*" charged to the child, and Rule 1(*g*) states that "offense" means "the charge made in a complaint against the minor for a violation or attempted violation of any common-wealth law or municipal ordinance or because he is deemed incorrigible." If the offenses charged in the instant case had been committed by an adult, they would constitute informations of first-degree murder, illegal carrying of weapons, and nonregistration of weapons.

reports, an order was issued to the minor, his parents, and the attorneys who up to this time had represented him, to appear at a hearing to be held on June 20 to show cause why the Court should not waive its jurisdiction to take cognizance of the complaints and transfer the same to a competent court to deal with him as an adult.

The said hearing having been held, the lower court waived jurisdiction and in its resolution of August 12, 1957, it stated that, "after conducting a thorough investigation on the circumstances under which the minor committed the offenses charged in the complaints, and in the light of all the findings revealed in the court investigation and the social study made, the Court arrives at the conclusion that this minor should be kept under the authority of the State for a period longer than the time left before he attains 21 years of age, if when he is prosecuted as an adult for the offenses charged he is found guilty thereof"; and added that "the Court has also considered, in the light of the sworn statements appearing in the record, that the personality of this minor presents such traces of antisocial conduct that if he were committed to one of the institutions which the Health Department has at present for the guidance and rehabilitation of minors, he would constitute a grave risk to the discipline, order, and stability of the other minors therein confined." It therefore ordered that a new action be brought against the minor, and in compliance therewith the district attorney filed on August 21 the corresponding informations.

Six months and three days after service of notice of the said resolution, the minor, represented by his present attorney, filed a motion entitled "Modification of Resolution," urging that it be set aside and that jurisdiction over the matter be reacquired.[4] The court set a hearing, and finally,

---

[4] The grounds adduced in this motion were the following:

"('A') Because the resolution of August 12, 1957 of this Hon. Court violates the fundamental rights of the minor in that

(a) it denies the equal protection of the laws;

on July 16, 1958, it issued an order stating that in its opinion "no fundamentally substantial reason had been adduced which had not been previously taken into consideration," and it therefore dismissed the reconsideration sought. The appellant assigns three errors.

Before considering the errors assigned, it is necessary to determine whether this Court has jurisdiction to take cognizance in the proceeding.

█ Section 11 of the Act Concerning Minors (34 L.P.R.A. § 2011) expressly states that "No proceeding, order or *resolution* of the Judge regarding a child, under the provisions of this act, shall be deemed to be of a *criminal nature*. . ." This provision is consistent with the philosophy announced in the statement of motives concerning the problem of the so-called juvenile delinquency and of the maladjusted and neglected children, and which emphasizes the responsibility of the State as to the functions inherent in its condition of "parens patriae," which does not consider the child as a delinquent

---

(*b*) it establishes discrimination against the said minor because of his social standing;

(*c*) it prevents the State from lending to the minor in this case the noneducational services afforded by law for the protection and welfare of childhood;

(*d*) it denies to the child in this case the enjoyment of the presumption of innocence to which he is entitled. (Art. II, § § 1, 5, 7, and 11 of the Constitution of the Commonwealth of Puerto Rico.)

('B') Because the investigation conducted by juvenile probation officers and social workers attached to the Court to enable the Hon. Judge to determine whether the interest of the community or the child warranted his intervention, was made under pressure of a campaign conducted by the newspapers which was prejudicial and hostile to the best interests of the minor, and that the public hysteria aroused by that campaign affected the trial, the source of information, and the free and peaceful mental attitude necessary for an impartial investigation.

('C') That that investigation as well as the order of the Hon. Court are void, because the violations of § 2007 of T. 34 L.P.R.A., committed during the arrest, which led to the obtainment of evidence in violation of the minor's constitutional rights and which evidence was taken into consideration by the social workers when making their report, as well as the general climate in which such investigation was conducted, are contrary to the purposes of §§ 2001-15 of T. 34 L.P.R.A."

save in the specific case in which the welfare of the community or of the child requires that he be dealt with as an adult. That is why the violations of penal statutes committed by minors are called offenses and not crimes, and that the immediate consequence is to submit the child to adequate treatment instead of considering him as a common delinquent.[4a]

Precisely in view of the philosophy stated above and informed in this entire legislation dealing with juvenile courts, the American authorities have uniformly established that such proceedings are not criminal cases. We need not give a whole line of authorities in support of this proposition, but will merely refer to appendix A appearing in the opinion rendered by the Court of Appeals for the District of Columbia in *Pee* v. *United States*, 274 F.2d 556, 561 (1959); Caldwell, *The Juvenile Court: Its Development and Some Major Problems*, 51 J. Crim. L., Crim. & P. S. 493 (1961); *"Exclusive" Jurisdiction of the Juvenile Court*, 59 W. Va. L. Rev. 362 (1957); Herman, *Scope and Purpose of Juvenile Court Jurisdiction*, 48 J. Crim. Law & Crim. 590 (1958). Hence, the contention that the constitutional safeguards which a child may invoke in these proceedings are determined upon the due process and fair treatment requirements and not upon the direct application of the different constitutional clauses which guarantee such rights in ordinary criminal proceedings.[5] *Shioutakon* v. *District of Columbia*, 236 F.2d

---

[4a] Although the prohibition to make any ex post facto laws refers solely to penal statutes (*Calder* v. *Bull*, 3 Dall. 386, 393 (1798); *Bankers Trust Co.* v. *Blodgett*, 260 U.S. 647, 652 (1923)), the application thereof to proceedings involving minors which we made in *People* v. *Andújar*, 80 P.R.R. 792 (1958), is justified as part of the "fair treatment" accorded to minors under the special statutes.

[5] In connection with some specific constitutional safeguards, see (*a*) on double jeopardy, *Moquin* v. *State*, 140 A.2d 914 (Md. 1958); *People* v. *Silversteni*, 262 P.2d 656 (Cal. 1953); *In re Santillanes*, 138 P.2d 503 (N.M. 1943); (*b*) on self-incrimination, *In re Holmes*, 109 A.2d 523 (Pa. 1954), cert. denied, 348 U.S. 973 (1955); *People* v. *Lewis*, 183 N.E. 353 (N.Y. 1932); *In re Dargo*, 183 P.2d 282 (Cal. 1947); (*c*) on public and speedy

666 (1956); Powell, *Constitutional Safeguards in Juvenile Courts*, 35 N. Dame Law. 220 (1960); Regan, *Constitutional Rights and the Juvenile Court*, 5 Vill. L. Rev. 107 (1959); *Juvenile Courts — Constitutional Rights and Rules of Evidence Applicable*, 57 W.Va.L. Rev. 225 (1955); Geis, *Publicity and Juvenile Court Proceedings*, 30 Rocky Mt. L. Rev. 101 (1957); Ziegler, *Right to Counsel in Juvenile Court*, 54 Mich. L. Rev. 1000 (1956); *Procedural Safeguards in Juvenile Courts*, 41 Minn. L. Rev. 701 (1957); Caskel, *Applicability of Constitutional Safeguards and Rules of Evidence to Proceedings in Juvenile Courts*, 41 Cornell L. Q. 147 (1955).

We are therefore dealing with a proceeding of a civil nature, and the appeal from the resolutions of the court is governed, up to July 31, 1958, by the pertinent provisions of the Code of Civil Procedure, *i. e.*, § 292 *et seq.* of that Code (32 L.P.R.A. § 1251 *et seq.*). *Hernández* v. *Municipal Court*, 69 P.R.R. 827 (1949). As of that date, the procedure for bringing to our consideration the resolutions entered in cases of minors is governed by § 11 of the Judiciary Act and Rules 52–54 of the Rules of Civil Procedure, with the limitations referred to in Rule 14 of the Rules of Procedure in Cases Concerning Minors.[6] As in other cases, in the

---

trial, *In re Mont*, 103 A.2d 460 (Pa. 1954); *State* v. *Cronin*, 56 So.2d 242 (La. 1951); (*d*) on right to be represented by counsel, *People ex rel. Weber* v. *Fifield*, 289 P.2d 303 (Cal. 1955); *Swan* v. *District of Columbia*, 152 A.2d 200 (1959); (*e*) on right to bail, *In re Magnuson*, 242 P.2d 362 (1952); *Espinosa* v. *Rice*, 188 S.W.2d 576 (Texas 1945); (*f*) on right to cross-examine the witnesses, *In re Holmes*, 109 A.2d 523 (Pa. 1954).

[6] The said rule reads as follows:

"Rule 14.—REVIEW OF FINAL ORDERS AND DECREES

"The Supreme Court shall review the final order or decree entered by a judge involving any minor under the Act, pursuant, as far as possible, to the provisions in Sections 7 and 14 of Act No. 11, approved July 24, 1952, entitled "Judiciary Act of the Commonwealth of Puerto Rico," as amended [4 L.P.R.A. §§ 35 and 37], and to the provisions of the Rules of Civil Procedure numbers 53.1(a), (b), and (e), 53.2, 53.3, 53.5, 54.1, 54.2, 54.3, 54.4, 54.5, 54.6, 54.7, 54.8, 54.9, 54.10, 54.11(a), 54.12, and 54.13, subject to the following changes in cases of complaints:

"(a) Said final order or decree shall be reviewed on behalf of the

absence of express provisions in the special statute, the presumption is that when the lawmaker referred to the appeal from the orders and resolutions entered in these proceedings, he merely referred to the ordinary procedure provided for judgments in civil actions. *Andino* v. *Fajardo Sugar Co.*, 82 P.R.R. 81 (1961); *Asociación Cooperativa* v. *Navarro*, 70 P.R.R. 886 (1950); *Sosa* v. *District Court*, 70 P.R.R. 59 (1949); *Angleró* v. *Trigo*, 48 P.R.R. 187 (1935). Therefore, the rule on interruption of the term to appeal by filing a motion for reconsideration, as well as the manner of computing the term to appeal upon filing the notice of appeal, is applicable. *Ramos* v. *Avilés*, 58 P.R.R. 727 (1941); *Fabián* v. *Rodríguez*, 53 P.R.R. 427 (1938).

■■ It is therefore clear that the original resolution [7] entered on August 12, 1957, transferring appellant's case to the Superior Court to be heard and dealt with as an adult, was final and unappealable at the time the motion for "modification" of resolution was filed, whether the latter is considered as a motion for reconsideration or as

minor and at the request of his father, guardian, custodian, interested friend, director of the department or agency in charge of his custody.

"(b) The notice of appeal or review shall be notified to the Attorney General, and if proper, to the father, guardian, custodian, interested friend, director of the department or agency in charge of the minor's custody, and to any party intervening in the matter.

"(c) Failure to serve the notice of appeal shall not cause the dismissal of the appeal, but the Supreme Court may require that notice be served on the aforementioned persons or on anyone else who in its judgment should be heard in the minor's interest.

"(d) The filing of an appeal or petition for review shall not stay the effects of the order or decree in question unless otherwise decreed by the Supreme Court.

"(e) The decisions of the Supreme Court given to publication shall omit the full name of the minor and of all interested persons, and any other fact by which the minor or other interested persons may be identified."

[7] In view of the special nature of the proceeding prescribed by the Act Concerning Minors, the orders and rulings entered by the court are not called judgments, but rather orders and resolutions. However, any resolution which actually puts an end to the matter before the Juvenile Court is equivalent to a final judgment subject to review or appeal, as the case may be.

a petition to set it aside. This is so because the period of 15 days for filing the first motion (§ 292 of the Code of Civil Procedure, 32 L.P.R.A. § 1251), *Reyes* v. *Reyes*, 76 P.R.R. 266 (1954); *Meléndez* v. *Superior Court*, 77 P.R.R. 506 (1954), or the six months' period provided by Rule 60 (b) of the Rules of Civil Procedure of 1943,[8] had already expired. *Great American Insurance Co.* v. *District Court*, 67 P.R.R. 529 (1947).

■ Lastly, we wish to say that in view of the fact that the judge set a day to hear the motion and that evidence was received at the hearing thereof, and even if we consider this proceeding as a certiorari to review a resolution entered after the final disposition of the matter by the Juvenile Court, the power of the judge taking cognizance of these matters to waive jurisdiction and to order that the case be prosecuted as if the offense had been committed by an adult, is discretionary, and that the factors to be considered in making such determination are those which the lawmaker incorporated in § 4, *i. e.*, the welfare of the child or of the community, in which case the law authorizes the consideration of reports of juvenile probation officers and social workers attached to the court. Only where there is a clear abuse of discretion are we justified in interfering with the judge's discretion in matters concerning minors. We are satisfied, after a careful reading of the record of the case, that, far from committing an abuse of discretion, the judge gave adequate and careful attention to all the factors involved in this case, and that his decision was prompted by a desire to safeguard the best interests of society. The scrupulousness of his actions is praiseworthy.

The petition for appeal will be dismissed for lack of jurisdiction.

---

[8] A brief examination of the allegations of the motion for "modification" of judgment will show that the grounds adduced can not be considered as "mistake, inadvertence, surprise, or excusable neglect."