184 So.2d 507 (1966)
In the Interest of T.W.P.
No. 65-678.
District Court of Appeal of Florida. Third District.
March 29, 1966.
*508 Alfred I. Hopkins, Miami Beach, Tobias Simon, Irwin J. Block, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Herbert P. Benn, First Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and TILLMAN PEARSON and CARROLL, JJ.
HENDRY, Chief Judge.
After a hearing on a petition before the Juvenile and Domestic Relations Court of Dade County, the juvenile court judge by order of May 17, 1965, found that the appellant, a child born July 2, 1949, was a delinquent within the meaning of Chapter 39, Fla. Stat., F.S.A., in that the child remained away from home from April 11, 1965 until May 6, 1965 without the consent and knowledge of his parents. It was ordered that the child be released to the custody of the child's parents and that he be placed under the supervision of an officer of the court for a probationary period until further order of the court. Upon a petition for rehearing, the juvenile court judge by order dated July 21, 1965, found that the child had violated the terms of probation by leaving home without the consent of his parents and that he had been implicated in a breaking and entering, a strong arm robbery and an automobile theft. It was ordered that the child be committed to the Florida School for Boys for the period of his minority unless he is sooner legally discharged therefrom.
The appellant's sole contention on this appeal is that the failure of the juvenile and domestic relations court to advise him, an indigent, of his right to counsel and to appoint counsel in his behalf was a violation of the sixth and fourteenth amendments of the Federal Constitution.[1] In support of this contention, the appellant relies on decisions from the District of Columbia and California.
In Shioutakon v. District of Columbia, 98 U.S.App.D.C. 371, 236 F.2d 666, (1956) the United States Court of Appeals, District of Columbia Circuit, held on page 670 that their "concern for the fair administration of justice impells us to hold that, in this and in similar cases in the future, the juvenile [in a juvenile court] must be advised that he has a right to engage counsel or to have counsel named on his behalf." In footnote 18 on page 669 of the same opinion the court indicated that they did not reach considerations of due process requirements since the holding rested on their view of the applicable statute. Chief Judge Prettyman speaking for the same court in Pee v. United States, 107 U.S.App.D.C. 47, 274 F.2d 556, (1959), reviewed the treatment provided by our society for alleged offenders against its laws and stated on page 558 that, "[i]n the event a child commits an offense against the law, the state assumes a position as parens patriae and cares for the child. Such a one is not accused of a crime, not tried for a crime, not convicted of a crime, not deemed to be a criminal, not punished as a criminal, and no public record is made of his alleged offense. In effect he is exempt from the criminal law." Judge Prettyman determined that juvenile court proceedings are not criminal cases and found that this proposition is supported by decisions of the highest courts in forty-two states, and by statutes in the other eight (citing Florida  Ex parte Kitts, 109 Fla. 202, 147 So. 573, 575 [1933]). From this he concluded 274 F.2d on page 559 that, "[t]he constitutional safeguards vouchsafed a juvenile in such proceedings are determined from the requirements of due process and fair treatment, and not by the direct application of the clauses of the Constitution which in terms apply to criminal cases." Then in Kent v. United States, 119 U.S. App.D.C. 378, 343 F.2d 247, 256 (1964), it was indicated that, "`due process' and `fair treatment' in this context mean that the juvenile shall be dealt with in a reasonable and decent manner which gives due regard to his claims upon society as well as to the latter's claims upon him." It is interesting *509 to note that the Municipal Court of Appeals for the District of Columbia in opinions filed after the Shioutakon case, supra, but considering hearings which occurred prior to that decision concluded that its previous holding that in a juvenile delinquency proceeding failure to advise the juvenile of his right to counsel did not constitute a denial of due process was sound and adhered to it.[2]
The Second District Court of Appeals of California in the case of In re Contreras, 109 Cal. App.2d 787, 241 P.2d 631, 633 (1952) said, "Surely, a minor charged in the juvenile court with acts denounced by law as a felony does not have lesser constitutional rights or guaranties than are afforded an adult under similar circumstances in the superior court." The same court in a later opinion[3] concluded that a juvenile court has no duty to advise minors of their right to be represented by counsel since that duty applies only to prosecutions for crime. It was stated that there was nothing in In re Contreras, supra, contrary to this conclusion. The California Supreme Court then held that:
"The fact that a minor is not represented by counsel need not be a denial of due process in the Juvenile Court. * * * It is only when by such lack of representation of the minor undue advantage is taken of him or he is otherwise accorded unfair treatment resulting in a deprivation of his rights that it can be said he has been denied due process of law."[4]
The Governor's Special Study Commission on Juvenile Justice, pt. II, p. 11 (1960), concluded from these decisions, "that although a minor may engage counsel to represent him in the juvenile court and the court must hear counsel, the court need not inform either the minor or his parents that counsel may be obtained nor is the court responsible for seeing that counsel is provided indigent parties who desire such representation."[5]
Justice Thornal, speaking for our Supreme Court in Noeling v. State, Fla. 1956, 87 So.2d 593 said at page 596:
"It is perfectly obvious from an examination of the language of the entire Act [Juvenile Court Act, Chapt. 39, Fla. Stat., F.S.A.] as well as the consideration of its legislative history and its historical background that it was the purpose and intent of the Legislature in enacting the Act under consideration to provide a forum which could consider the problems of dependent children in an informal fashion without the necessity of applying the strictness and technicalities that often accompany routine litigation."
Although we are cognizant of the fact that the legislature by § 1, Chapter 57-257, Laws of Florida 1957, deleted the words, "in an informal manner" from that portion of the Juvenile Court Act concerning the conduct of a hearing,[6] we are of the opinion that Justice Thornal's statement above, remains, in substance, applicable to *510 juvenile court proceedings concerning both dependent and delinquent children. From a review of the procedure provided by our legislature in the Act there can be no question that a proceeding before the juvenile court is not a criminal proceeding, thus the constitutional and statutory rights given to persons charged with crime are not applicable to such proceedings. Nor has the legislature provided in the Act that a juvenile must be advised that he has a right to engage counsel or to have counsel named on his behalf, and our view of the act is that the legislature did not intend that a juvenile have this right in a juvenile court proceeding.
We therefore conclude that the proceedings in respect to appellant have been in compliance with statutory requirements and that the constitutional requirements guarantied one accused of crime are not applicable. The order appealed will stand affirmed.
Affirmed.
NOTES
[1] Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.
[2] Swann v. District of Columbia, D.C.Mun. App. 1959, 152 A.2d 200; In re Schaeffer, D.C.Mun.App. 1956, 126 A.2d 870.
[3] People ex rel. Weber v. Fifield, 136 Cal. App.2d 741, 289 P.2d 303 (1955).
[4] People v. Dotson, 46 Cal.2d 891, 895, 299 P.2d 875, 877.
[5] McKesson, Right To Counsel In Juvenile Proceedings, 45 Minn.L.Rev. 843, 849 (1961); on page 850, Mr. McKesson remarks that the Governor's Commission recommended legislation requiring juvenile court judges to notify minors and their parents of the right of representation by counsel, but that the recommendation was deleted before the legislature adopted the commission's other recommendations.
[6] § 39.09(2), Fla. Stat., F.S.A. which now reads:

"Hearings shall be conducted by the judge without a jury, applying the rules of evidence in use in equity cases in the circuit courts, and adjourning the hearings from time to time as necessary. All such hearings, except as hereinafter provided, shall be open to the public and no person shall be excluded therefrom except on special order of the judge, who, in his discretion may close any hearing to the public when the public interest or the welfare of the child, in his opinion, is best served by so doing. In any event, all hearings involving unwed mothers, custody or placement of illegitimate children shall remain confidential and closed to the public as heretofore. Hearings in such cases involving more than one child may be held simultaneously where the several children involved are related to each other or were involved in the same transactions. The child and the parents or legal custodians of the child may be examined separately and apart from each other. This subsection shall not be applicable to hearings before the judge as committing magistrate."