[Crim. No. 10425. Second Dist., Div. Four. July 30, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. ALFREDO HUESCAS ESTRADA, Defendant and Appellant.

David A. Sanders, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

FILES, P. J.—Defendant was charged with kidnaping for the purpose of robbery in violation of Penal Code section 209. A jury convicted him of kidnaping in violation of Penal Code section 207, a lesser and included offense. The jury found defendant to have been armed at the time of the offense. He is appealing from the judgment.

The facts may be stated simply because there is no conflict in the evidence. When a uniformed police officer approached defendant at the edge of a street in North Hollywood at about 1:30 in the afternoon, defendant pulled a revolver out of his pocket and ordered the officer to put up his hands. Defendant took the officer's revolver, forced him into a nearby police car and ordered, " 'Take me to L.A.' " As the officer drove, he heard shots fired from the rear seat where defendant was sitting. Then defendant struck the officer on the side of the head with his gun. The officer suddenly applied the brakes and deliberately crashed into a parked car, then leaped into the back seat and seized the two guns. With the help of three bystanders defendant was subdued. The record contains the testimony of the victim and three other persons who saw the kidnaping, and of the three who assisted

in defendant's capture. Defendant offered no evidence except a record of the General Hospital to show that he "smelled of alcohol" when brought in after his arrest.

The sufficiency of the evidence is beyond question, as the defendant himself concedes. In a letter which he wrote to the trial judge after the trial, and which was included in the record on appeal at defendant's request, he wrote:

"I was found guilty of 'Kidnapping With a Gun' 207 of the Penal Code by what I term an *extreamly* fair and impartial jury on June 19, 1964 in your courtroom. At trial I had no real *defence* except of the fact that I was intoxicated at the time of the *commision* of the crime, and also that I was beaten, other *then* that *Im* unable to say that is a real *defence*. I did not take the stand as I did not want to lie, and to tell the truth of the matter I can't really remember what took place, except what *Ive* been told, and by the *testomony* given, which I *cant* in truth *denie*. I for one am glad that I was subdued by the *witneses* before something more drastic took place."

The trial took place in June 1964 and was properly conducted under the law as it was set forth in the decisions of the highest courts up to that time. However, on this appeal the judgment must be reviewed in the light of the subsequent decisions in *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], and *Griffin* v. *California,* 380 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106].

 In arguing the case to the jury, the prosecutor commented upon the failure of the defendant to testify. The court gave the jury the usual instruction (CALJIC No. 51 (Revised)) that it might draw an inference from the defendant's failure to explain or deny matters within his knowledge. Both the argument and the instruction were error under the rule established in the *Griffin* case. But it is not necessary to reverse the judgment and grant a new trial upon this ground because the evidence of guilt is so clear that the comment could not have influenced the result. (*People* v. *Bostick,* 62 Cal.2d 820, 823 [44 Cal.Rptr. 649, 402 P.2d 529].)

The retrospective application of the *Dorado* rule here is a different matter. On the afternoon following the kidnaping, police Officer Bentley, who was assigned to investigate the case, called on defendant in the prison ward of the hospital. Officer Bentley testified:

"I told him that we were going to seek a Kidnaping for

Robbery Complaint against him, and I asked him at that point what his story was, what had happened. Then he related that he had been drinking with some friends on the following day, which would be March 10th in the morning, starting at about 10:00 o'clock. That he then had started walking around the Valley; that he had walked from Downtown Los Angeles out to the Valley, and that he had been at the location where he had, where the officers had stopped him, and that the officer stopped the car, proceeded to walk towards him, and that he realized that if the officer shook him down, that he would have to go back to prison because he had a gun concealed in his pocket.

"He says, 'What would you have done? I took the gun out of my pocket and told the officer to drive me downtown.' He says, 'We got in the car. We drove downtown.'

"I asked him if he had struck the officer. He says, 'No, I did not hit the officer with the gun.'

"I asked him if he had fired the gun. He says, the only time the gun was fired, to his knowledge, was when the officer was trying to take the guns away from him.

"That is the substance of the conversation relative to the taking of the officer's gun."

This interview lasted approximately 30 minutes.

In the *Dorado* case the court said (at pp. 353-354): "We conclude, then, that defendant's confession could not properly be introduced into evidence because (1) the investigation was no longer a general inquiry into an unsolved crime but had begun to focus on a particular suspect, (2) the suspect was in custody, (3) the authorities had carried out a process of interrogations that lent itself to eliciting incriminating statements, (4) the authorities had not effectively informed defendant of his right to counsel or of his absolute right to remain silent, and no evidence establishes that he had waived these rights."

The first three of these four elements appear in the record here. As for the fourth, there is testimony that Officer Bentley and defendant discussed his right to counsel, but there is no evidence defendant was informed of his right to remain silent or that he waived this right knowingly. In the absence of a contrary showing in the record the appellate court is required to assume that defendant was not properly advised on this subject. (*People* v. *Stewart,* 62 Cal.2d 571, 580 [43 Cal.Rptr. 201, 400 P.2d 97].)

Furthermore, under the *Dorado* decision, the fact

that defendant has had some previous experience with the criminal law and presumably has been advised of his rights on other occasions, is not an adequate substitute for the advice and waiver which must precede the particular interrogation.

Since the statement made by defendant to Officer Bentley amounts to a confession, the harmless error doctrine prescribed by article VI section 4½ of the California Constitution does not apply. Our Supreme Court has held that reversal must be automatic. (*People* v. *Schader*, 62 Cal.2d 716, 728 [44 Cal.Rptr. 193, 401 P.2d 665].)

The Attorney General argues that defendant's statement to Officer Bentley should not be regarded as a confession in this case because defendant did not admit all of the elements of the offense charged in the information, namely kidnaping for the purpose of robbery. In his conversation with the investigator defendant did not say anything about taking the officer's gun, and he denied having struck his victim. It seems clear enough that defendant was trying to exculpate himself from the more serious charge of violating Penal Code section 209, which authorizes a death penalty when the victim is harmed. Nevertheless, defendant's statement was a confession of simple kidnaping as defined in section 207. This was one of the offenses for which defendant was on trial, and was the one of which he was convicted.

It is not uncommon that a defendant will have made a statement which is merely an admission as to the offense charged, but is a full confession of some lesser included offense of which the defendant may be convicted. In jury trials where this situation has arisen it has been held that it is the duty of the trial judge to instruct the jury with respect to both confessions and admissions. (*People* v. *Fitzgerald*, 56 Cal.2d 855, 861 [17 Cal.Rptr. 129, 366 P.2d 481]; *People* v. *Skinner*, 123 Cal.App.2d 741, 748 [267 P.2d 875].)

In the present case defendant's statement is no less a confession of violating Penal Code section 207 by reason of the fact that he was charged with a more aggravated form of the offense. We see no alternative but to apply here the automatic reversal rule prescribed in the *Dorado* and *Schader* cases.

The judgment is reversed.

Jefferson, J., and Kingsley, J., concurred.