[Civ. No. 23341.  First Dist., Div. Three.  Mar. 1, 1967.]

In re JEROME E. BUROS, a Person Coming Under the Juvenile Court Law.

LORENZO S. BUCKLEY, as Chief Probation Officer, etc., Plaintiff and Respondent, v. JEROME E. BUROS, Defendant and Appellant.

John D. Nunes, Public Defender, Claude W. Heavin and Thomas H. Gee, Assistant Public Defenders, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edward P. O'Brien and Jackson L. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—The juvenile court found this minor to have committed the crime of burglary (Pen. Code, § 459), made him a ward of the court (Welf. & Inst. Code, § 602), and committed him to the Alameda County Senior Boys' Camp. He appeals.

The glass door of a coin shop was broken, the shop entered, and coins valued at some $800 were taken. Police went to the minor's home to question him about another charge. He was absent, but later went to the police station to discuss that charge. Interrogation by officers, which began at 1:45 p.m., quickly turned to the coin shop robbery. Although the officer who commenced the interrogation said that he "believed" the minor had been advised of his right to counsel, he also testified that the admonition had in fact been given by another, a police sergeant. The sergeant testified that his admonition was merely that the minor need not answer questions, without any advice of his right to counsel. The minor admitted the burglary. He then accompanied the officers to nearby hills, where he directed them to the hiding place of a portion of the stolen property. He was returned to the police station and was further questioned by police before a stenographer who made shorthand notes and later prepared a typed statement. This document was not signed by the minor, but was introduced in evidence. The reported statement was completed at 7:05 p.m. Its last question is "And prior to the statement you were informed of your rights to an attorney?", and his answer was "Yes." But even if the advice were given before the reporter was called in, it is clear that it was not given until after an oral confession which the transcription merely repeats, and which was also admitted in evidence through testimony of officers.

Admonition of the right to counsel and of the right to remain silent is required (*People* v. *Dorado,* 62 Cal.2d 338

[42 Cal.Rptr. 169, 398 P.2d 361]). Omission of the advice as to counsel is fatal (*People* v. *Stockman,* 63 Cal.2d 494, 500 [47 Cal.Rptr. 365, 407 P.2d 277]). Past experience with the criminal law, even though it includes admonitions given in other interrogations, does not suffice (*People* v. *Estrada,* 236 Cal.App.2d 221, 224-225 [45 Cal.Rptr. 904]). It is clear that the minor was not told of his right to counsel, and thus if this were a criminal prosecution the rule of *Dorado* would bar use of the confessions.

It has, however, been held that a juvenile court proceeding is not a criminal case, and therefore not subject to the restrictions governing such cases (*People* v. *Dotson,* 46 Cal.2d 891, 895 [299 P.2d 875]). Considerable doubt has been expressed by California courts as to the breadth of this limitation upon the application of constitutional guaranties (see *In re Castro,* 243 Cal.App.2d 402, and cases cited at p. 407, [52 Cal.Rptr. 459]), and most recently by the United States Supreme Court (*Kent* v. *United States,* 383 U.S. 541 [16 L.Ed.2d 84, 86 S.Ct. 1045]).

We need not seek the true route from the conflicting guideposts in this overcharted field. For purposes of this case, the California statute specifically governs.

■ The wardship order here is based wholly upon the provision (Welf. & Inst. Code, § 602) extending juvenile court jurisdiction to a minor who violates a penal statute, in this case that prohibiting burglary. Although the scope of admissible evidence is broad, a finding of such violation can be made only upon "a preponderance of evidence. legally admissible in the trial of criminal cases" (Welf. & Inst. Code, § 701). The confession would be barred by *Dorado* in a criminal proceeding. Thus, whatever its admissibility in the juvenile court, it cannot be relied upon to support the finding that the minor committed burglary (*In re Castro, supra,* 243 Cal.App.2d 402, 409-411). Since the confession is the only evidence to support the burglary charge, the finding must fall.

The judgment is reversed.

Salsman, J., and Devine, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.